Smith v. Patterson.

SMITH v. PATTERSON *et al., Appellants.*

| | |
|---|---|
| 95 | 525 |
| 158 | 503 |

1. **Tenant by Curtesy, Conveyance by.** A deed from a tenant by curtesy will convey only his life interest in his wife's land.

2. ———— : STATUTE OF LIMITATIONS. The right of action for the recovery of the land will not accrue in favor of the wife or her heirs until the death of the husband, and the statute of limitations, will run against the former only from such death..

3. **Ejectment:** EQUITABLE PARTITION: ESTOPPEL. A. died leaving the land in controversy to be divided in equal parts between seven heirs, one of whom w as the mother of plaintiff and had intermarried with one C. One H. bought four shares, and P. acquired two, and claimed another share under a deed from C. H. and P. made an equitable partition between themselves, the part set off to P. including the interest of plaintiff's claimed under the deed from C., which, in fact, conveyed only C.'s life interest. After C.'s death, plaintiff sued P., claiming her mother's interest. *Held,* having affirmed the partition, she was entitled to recover of P. one-third of the land in his possession, *i. e.,* one-seventh of the entire original tract, and that such recovery would estop her from claiming any interest in the part set off to H.

4. **Evidence of Death:** TOMBSTONE. Much latitude is allowed in the admission of evidence as to the birth, age, and death of a person, and evidence was properly received of the inscription on the tombstone over the grave of plaintiff's mother showing the date of her death.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

Smith v. Patterson.

*M. F. Taylor* for appellants.

(1) In actions of ejectment, the plaintiff's right of recovery is limited to the amount of property shown to be in the actual possession of the defendant. *Keene v. Barnes*, 29 Mo. 377; *Gray v. Givens*, 26 Mo. 291; *Bledsoe v. Simms*, 53 Mo. 308; *Sutton v. Gassaleggi*, 77 Mo. 207; *Wilson v. Albert*, 89 Mo. 537; *Walsh v. Varny*, 38 Mich. 73; *Jackson v. Hagan*, 2 Johns. 441; *Harrison v. Stephens*, 12 Wend. 170; *Moor v. Abarnath*, 7 Black. 442; *Jones v. Walker*, 47 Ala. 175; *Brown v. Combs*, 29 N. J. Law, 36; *Wharton v. Clay*, 4 Bibb, 157; *McArthur v. Porter*, 6 Peters, 205; *Tyron v. Carlin*, 5 Watts, 371; *VanAlstyne v. Spraker*, 13 Wend. 578. (2) Declarations as to the time and place of burial are not within the rule of family reputation. 1 Phillips on Evid., p. 205, sec. 253; 1 Starkie on Evid., secs. 35, 36, 37, and 38; *Queen v. Hepburn*, 7 Cranch, 291; *Braintree v. Hingham*, 1 Pick. 245; *Shearer v. Clay*, 3 Marsh. 549; *Kidney v. Cockburn*, 2 R. & M. 167. (3) The facts in this case, if they did not entitle defendant to a verdict in his favor because of the payment of purchase money for this property, certainly, under the rule in Missouri, gave him an equity for the return of that purchase money. *Valle's Heirs v. Fleming's Heirs*, 49 Mo. 152; *Shroyer v. Nickell*, 55 Mo. 264; *Jones v. Manley*, 58 Mo. 559; *Neef v. Redman*, 76 Mo. 195; *Henry v. McKerlie*, 78 Mo. 416; *Bagby v. Emberson*, 79 Mo. 139; *Walker v. Owen*, 79 Mo. 569; (4) The plaintiff, by her conduct, having lulled the defendant to security and permitted him to go on clearing the land and making valuable improvements, is now estopped to assert title. Bigelow on Est. 578; *Chouteau v. Goddin*, 39 Mo. 229; *Gamhort v. Finney*, 40 Mo. 449; *Dezell v. Odell*, 3 Hill, 215; *Townsend v. Stone Co.*, 6 Duer, 208.

*J. L. & F. P. Blair* and *Douglass & Babb* for respondent.

(1)  The evidence as to the inscription on the tombstone was immaterial.  Besides the evidence was competent.  (2)  Durrett Patterson is conclusively presumed to know that he bought only ·a life estate if he bought anything, and appellants' argument as to the return of the purchase money is entirely inconsequential.  Besides there is no evidence that Patterson paid to Crobarger the money he asks to be refunded.  (3)  Plaintiff's rights are not affected by any improvements made on the premises by defendant Patterson.  He was only a life tenant and so long as he did not injure the freehold, it was not only not her duty, but it was not her legal right, to complain.  (4)  Plaintiff could elect to sue Patterson for inherited share, to-wit, one-third·of the Pattersons' three-sevenths.

NORTON, C. J.—This suit is by ejectment to recover possession of certain land in St. Louis county.  The defendants' answer, besides being a general denial, sets up the statute of limitations, and alleges that Durrett Patterson, one of the defendants, purchased the property from the mother of the plaintiff, and after having bargained for her interest paid her part of the purchase money, and under her direction paid the remainder of the purchase price to her husband, with the understanding that the wife would execute in proper· form a deed to the property immediately upon finding herself able to go to the nearest notary, but that she died without executing the deed.  The answer further alleges that, in 1869, plaintiff, being of full age and laboring under no disability lived in the immediate neighborhood of the property, saw defendant making valuable improvements thereon, knew that he claimed entire title to the

property, and permitted him to make the improvements without asserting any claim of title. The answer was denied by replication and on the trial plaintiff obtained judgment, from which the defendants have appealed.

The evidence establishes the following facts : That one Barnabas Harris owned a tract of land in St. Louis county, containing about four hundred and twenty or four hundred and thirty acres of land; that he died, leaving seven children as his heirs; that one Simpson Harris acquired the interest of four of said heirs in said land; that Emily Crobarger was one of said heirs ; that she was a married woman, and her husband's name was John Crobarger ; that plaintiff is the daughter and only heir of said Emily ; that said Emily died in 1836 ; that her husband, said John, survived her, and lived till 1878, when he died ; and plaintiff thereafter, in 1882, brought this suit as the only heir of said Emily to recover her interest in the said land.

To defeat plaintiff's title thus derived, a deed was put in evidence from said John Crobarger, the husband of said Emily, conveying to defendant Durrett Patterson an interest of one-seventh in said land. This deed was dated the twentieth of May, 1836, and was filed for record July 11, and recorded the third of August, 1836 ; it is not executed by Mrs. Crobarger, nor does it purport on its face to be a deed from John Crobarger and Emily, his wife, but the only grantor named in it is the said John. It further appears that, in 1837, said Simpson Harris being the owner of four-sevenths, and defendant Durrett Patterson claiming to be the owner of three-sevenths of said land, one of these three-sevenths being claimed under the said deed of said John Crobarger, made an equitable partition of said land according to the interests claimed as above set forth, under which said Patterson quit-claimed to said Harris his interest in two hundred and forty-six acres of said land, and said Harris quit-claimed to said Patterson his interest in one

hundred and eighty-six and ninety-two-hundredths acres thereof, the land set apart to each being specifically described in the deeds. Defendant Patterson went into possession of the land thus set apart to him, and has remained in possession ever since.

It is clear that the deed from John Crobarger to Patterson, under which he claims title, only conveyed the life-time interest of said Crobarger as tenant by curtesy, and that, upon the death of Mrs. Crobarger, the fee to one-seventh of the land became vested in the plaintiff as her only heir, and it is also clear that her right of action to recover possession of such interest did not accrue till the death of said Crobarger, which occurred in 1878, and that, inasmuch as plaintiff brought this suit in 1882, within ten years after her right of action accrued, the defence set up of the statute of limitations cannot prevail

The chief error complained of arises out of the action of the court in instructing the jury that if they found for plaintiff she was entitled to recover one-third of the land in Patterson's possession, and in refusing an instruction asked by defendant to the effect that plaintiff's recovery should be limited to one-seventh. The cause was evidently tried on the theory that, while plaintiff was *not bound* by the partition made between Harris and Patterson, that she might affirm it and did affirm it by asking a recovery for one-third, and in this view of the question, the action of the court in directing that plaintiff was entitled to one-third of the land was not erroneous, inasmuch as it would leave Patterson in possession of all that he was entitled to, and would only take from him the Crobarger interest of one-seventh, which he claimed and got in the partition, and to which he was not entitled either in law or equity.

There were four hundred and thirty-one acres of land included in the partition made ; each of the seven interests

amounted to sixty-one and five-sevenths acres. Harris owned four of these interests and got under the division two hundred and forty-six acres. Patterson owned two interests and claimed to own three, one of them being the Crobarger interest involved in this suit, and got under said division one hundred and eighty-four and ninety-two-hundredths acres, that is, sixty-one and six-sevenths acres more than he was entitled to, by virtue of his claim of the Crobarger interest, and it is this number of acres that the jury were authorized, under the instructions of the court, to find for plaintiff, leaving defendant in possession of the land represented by the two interests which he owned. If plaintiff's recovery had been limited to one-seventh, as defendant contends it should have been, she would have recovered twenty-three and three-sevenths acres and left defendant in possession of one hundred and sixty-one and two-sevenths acres, that is with thirty-eight and two-sevenths acres more than his two interests amounted to, said two interests entitling him only to one hundred and twenty-three acres. The theory of defendant that plaintiff could only recover one-seventh of the land in Patterson's possession, and to recover the remainder of her interest she would have to resort to her action against Harris, would result in injustice, in this, that it would leave Patterson in possession of thirty-eight and two-sevenths acres more of the land than belonged to him and would take that number of acres from Harris which did belong to him, Harris.

It is also insisted by defendant that plaintiff, notwithstanding her recovery from Patterson in this suit of a number of acres equal to one-seventh in the whole tract partitioned, might proceed against Harris and recover one-seventh of what he received under the partition. If this is so, the judgment ought to be reversed, but we are of the opinion that plaintiff, after affirming this partition and recovering by reason thereof from Patterson a number of acres equal to one-seventh interest

in the whole tract, would be estopped from setting up any interest in that portion of the land allotted to Harris under said partition thus affirmed by her.

The claim made that plaintiff should not be allowed to recover until the purchase money which the answer alleges was paid by the direction of and under an agreement made for the purchase of the land with Mrs. Crobarger, the mother of plaintiff, is not well founded for the reason that there is evidence that such payment was made. Defendant testified that he did not know whether it had been paid; that he asked one Hyatt to pay it, and Hyatt told him he had paid it. There is no evidence in the case on which to base an estoppel, as pleaded in the answer.

On the trial, evidence was offered and received over defendants' objection of the inscription on the tombstone over the grave of Mrs. Crobarger showing the date of her death. Much latitude is allowed in the introduction of evidence as to the birth, age, and death of a person, and we do not think it was exceeded in the reception of the evidence objected to. 1 Phillips' Evid. 238-9.

The judgment is for the right party and is hereby affirmed. All concur.