# Mark *against* Mark.

It is erroneous to join in an action of partition one who has not a freehold in the land which is the subject of the action.

ERROR to the common pleas of *Mifflin* county.

George Mark against John J. Mark and Harriet Mark and E. L. Bendedict, and William Culbertson, executors of Christopher Mark, deceased, and testamentary guardians of John J. Mark. Action of partition.

[Mark v. Mark.]

Christopher Mark died seised of the land which was the subject of this action having first made his will by which he thus disposed of his estate:—

"I will and bequeath to my executors, all my estate both real and personal for the purpose of paying my debts and supporting my family, giving to them full power and authority to sell the whole or any part of my said estate for the purpose aforesaid. I vest my executors with authority to use their discretion as to the time and manner of disposing of my estate for the purposes above mentioned. It is my will that after my debts are paid, the residue of my estate whether sold or unsold be applied by my executors, to the maintenance of my wife, and to the maintenance and education of my children, until the youngest or the youngest survivor of them arrives at the age of twenty-one years, and what shall then remain of my estate to be distributed according to the intestate laws of Pennsylvania in the same manner as if no will had been made by me. But should my children all die before they arrive at the age of twenty-one years, then the distribution to be made as aforesaid; and should my wife marry before my youngest child, or the youngest survivor of my children arrives at the age of twenty-one years—then, or as soon thereafter as practicable, the said distribution to take place in manner aforesaid. I nominate and appoint Eliphalet L. Benedict and William Culbertson of Lewistown to be the executors of this my last will and testament."

The court below (Burnside, president) instructed the jury that the action could not be maintained, because the widow was made a party to it.

*A. S. Wilson,* for plaintiff in error, cited 4 *Wash. C. C. Rep.* 278.

*Benedict, contra,* cited 7 *Watts* 205.

PER CURIAM.—On the pleadings, the joinder of the widow was certainly a ground of decisive objection; but the joinder of the executors also, to which no exception seems to have been taken, was equally erroneous. Neither she, nor they, had a freehold in the land; nor was either competent to take a share of it by the partition. Why then join them to be idle spectators of a contest in which they could not take an active part? The widow was indeed entitled to interest in a third of the valuation, charged on the land, but she was entitled to no part of the land itself. The testator devised the estate to his executors with power to sell for payment of debts and maintenance of the widow and children till the youngest should come of age, when what remained of it, sold or unsold, was to be distributed in the proportions directed by the intestate laws, as if no will had been made. When that period arrived, the trust was at an end, and the estate reverted to the children who, by force of the will, acquired the legal title. Had the executors even

retained it, they could not have legitimately been actors in a proceeding like this, because, having no legitimate interest in the subject of it, they could not have claimed a share. But the very action is founded on a supposition that their title has been divested; for while the trust existed, the children had no title which could become a subject of action among each other, or with any one else. The difficulty supposed to have been presented by the joinder of the testator's minor son, if it were material, would be disposed of by the statute of 1807, which expressly authorises such a thing; and it is not the least remarkable circumstance, in this strange case, that such a point should have been mooted.

Judgment affirmed.