Roberts v. Moseley.

JOSHUA ROBERTS, Respondent, *vs.* HENRY MOSELEY and JOHN MOSELEY, Appellants.

1. *Trusts—How may by accepted by trustee, etc.*—When a trust deed contains no covenants to be made and executed by the trustee, it is unnecessary that he should join in the execution of the deed, in order to manifest his intention to accept the appointment. Any act on his part by which he manifests an intent to acquire or exercise any influence in the management of the trust property, will be sufficient. The fact that the trustee shortly after the execution of the trust deed, rented out the trust property, and that when he died the deed was found among his papers, is a strong circumstance from which to deduce an acceptance.

2. *Use and trust—Property conveyed to separate use of married woman—Death of trustee—Estate vests, how.*—When land is conveyed to a trustee for the sole use and benefit of a married woman, upon his death, the use is immediately executed in her, and if she be dead, then in her legal heirs.

*Appeal from Newton Circuit Court.*

*A. H. Dale,* for Appellant.

1. Any act by which the person named as trustee, manifests an intent to acquire or exercise any influence in the management of the trust property, will tend to fix upon him the responsibilities of the trust. (Tiff. & Bull., Trusts and Trustees, 511; Hill on Trustees, 4th Am. Ed., 215; O'Neil vs. Henderson, 15 Ark., 235; Montford vs. Cadogan, 17 Ves., 488, and same parties 19 Ves., 638.) And certainly five years possession is sufficient. Armstrong's son and administrator testified, that he found among his father's papers, either the trust deed or a copy of it, which is another fact which tends to prove his acceptance, and further, if a trustee does not wish to accept the trust, he must disclaim. The presumption is that he accepts. (Tiff. & Bull., Trusts and Trustees, 510; 512; 524; 526; 527; 529; 532; and 533; Washb., on Real Prop., 196; 5 Harris. Dig. 1736.) No disclaimer being proven, he will be deemed to be trustee and to have fully accepted the trust.

II. Under the deed of trust offered in evidence, as soon as the marriage relations between George W. Moseley and Ann M. Moseley came to an end, the estate of the trustee at once became executed either to the *cestui que trust* or heirs at law (2 Wash., Real Prop., 188; Liptrot vs. Holmes, 1 Ga., 381;

Bush's Appeal, 33 Pa. St., 85 ; Steacy vs. Rice, 27 Penn. St., 75 ; Morgan vs. Moore, 3 Gray, 323.)

*C. W. Thrasher*, for Respondent.

The Circuit Court committed no error in excluding from the jury the trust deed from George W. Moseley to H. C. Armstrong.

In ejectment an equitable defense must be pleaded especially. Kennedy vs. Daniels, 20 Mo., 104.

The trust deed was not signed by H. C. Armstrong—nor was there any evidence offered that he ever interfered with the trust estate under the trust deed.

Armstrong was not obliged to become the trustee of Ann M. Moseley—and some assent by word or deed must be shown to make him such. (2 St. Eq. Juris., 4th Ed., § 106 ; 2 Washb. on Real Prop., 2nd Ed. 196, § 13.)

Even if H. C. Armstrong had accepted the trust, then under the terms of the trust deed, he held the legal title, and was entitled to possession of the trust estate, as against Ann M. Moseley and her heirs.

A trustee can only be divested of his right of possession of the trust estate, by his *cestui que trust* by a decree of a court of Equity (2 Washb. on Real Prop., 2nd Ed., 212, § 17.)

The legal title of a trust estate in a trustee passes to his heirs or grantees subject to the trust, if the purchaser has notice, (2 Wash. on Real Prop., 2nd Ed., 202, § 25.)

A trustee may maintain ejectment against his *cestui que trust*. (2 Washb. on Real Prop., 2nd Ed., 207, § 6.)

If H. C. Armstrong was trustee, and the title to the premises acquired by him from F. M. Crouch, inured to the benefit of appellants as heirs of Ann M. Moseley, *cestui que trust*, they could avail themselves of it only by a proper proceeding in Equity. It would not enable them to defeat the right of possession in the trustee or his grantees in ejectment. There is no merger of the legal and equitable estates in appellants, as heirs of Ann M. Moseley. Appellants are not entitled to the possession of the trust estate under the terms of trust deed.

In any view of the case, Respondent as the grantee of the widow and heirs of H. C. Armstrong, deceased, has the legal title and the right of possession of the premises, and is entitled to recover in this suit.

WAGNER, Judge, delivered the opinion of the court.

This action was an ejectment brought by the plaintiff against the defendants to recover certain real estate in Newton County.

From the record it appears that on the 26th day of July, 1853, one George W. Moseley, conveyed the premises in question, by deed, to H. C. Armstrong in trust, for the use and benefit of his wife, Ann M. Moseley, and her heirs forever. This deed was recorded on the same day it was executed.

On the 18th day of March, 1854, Shapleigh and Day obtained a judgment by confession against George W. Moseley, upon which execution was issued, and levied upon the property, conveyed to Armstrong in trust for Mrs. Moseley and her children, and at a sale made by the sheriff of the same, the property was purchased by one John R. Chenault, and he received a sheriff's deed therefor. Chenault and wife conveyed the premises to M. F. Crouch, by deed dated October 27, 1855, and in October, 1859, Crouch and wife by their deed, conveyed the same to H. C. Armstrong, the trustee designated in the deed of trust. In 1868, the widow and children of Armstrong conveyed the land to plaintiff, and this constitutes his claim of title.

At the commencement of this suit, George W. Moseley, Ann M. Moseley and H. C. Armstrong, were all dead. The defendants are the heirs of Ann M. Moseley, and are in possession.

In their answer, in addition to a denial of title in the plaintiff, the defendants set out the terms of the deed of trust and asserted that the legal title had devolved on them. This part of the answer, on motion of plaintiff, was stricken out. The jury, under instructions of the Court, found a verdict for the plaintiff, upon which judgment was rendered, and the defendants have appealed. After part of the answer was

stricken out, the court excluded from the consideration of the jury the deed from Moseley conveying the property in trust under which the defendants claim.

If this deed was valid, it passed the entire fee from Moseley, and as it was recorded prior to all the other conveyances under which the plaintiff seeks to derive title, it constitutes a title superior and paramount. It is now urged that as Armstrong never signed the deed, he was not a trustee, and the deed was for that reason inoperative.

The acceptance of the office of trustee may be proved by the declarations or other acts of the trustee. When the trust is created by deed, and the trustee intends to accept the appointment and execute the trust, the proper way to manifest that intention is to join in the execution of the deed. This is generally necessary where the instrument contains covenants to be made and executed by the trustee. But when the instrument contains nothing of the kind, joining in the deed is unnecessary, any act by which the trustee manifests an intent to acquire or exercise any influence in the management of the trust property, will tend to fix upon him the responsibilities of the trust. (Tiff. and Bul. on Trusts and Trustees, 510; Flint vs. Clinton Company, 12 N. H., 432; Leffler vs. Armstrong, 4 Iowa, 482; Christian vs. Yauncey, 2 Pat., and Heath, 240; O'Neil vs. Henderson, 15 Ark., 235.)

It has been held that, after a lapse of years, the acceptance of the trust by the trustee named in the instrument will be presumed, even where he had never executed the trust deed or done any act by which such an acceptance could be inferred, (*In re.* Uniacke 1, Jones and Lat. 1 ; *In re.* Needham *Id.*, 34.) But this presumption may be rebutted by a disclaimer.

The evidence in this case shows that Armstrong, the trustee, rented out the property shortly after the execution of the trust deed, and long before he pretended to acquire any title of his own, and that when he died the deed was found in his possession among his papers. These were strong circumstances from which to infer or deduce an acceptance, and should have been submitted as a question of fact. It was not necessary that the trustee should have executed the instrument,

for it did not require him to make any covenants or do anything in relation to the trust property. It contained a mere naked seizin, for the use of another.

But it is further insisted, that even if the estate vested in the trustee, when he died the legal title descended to his heirs, and that the defendants could only divest it, and obtain relief by a decree in equity. This assumption, I think, is founded in an entire mistake. Where a trustee is appointed to hold the estate of a married woman, to protect it from the husband, and the marriage relation comes to an end, his estate at once becomes executed in the person who is to take it, the wife, if living, or if she is dead, her heirs at law. (2 Washb., Real Prop., 3d Ed., 461, § 45.)

The Supreme Court of Georgia holds, "that on the death of a *feme covert*, intestate, her separate estate vests in her legal representative, and he can maintain trover therefor, even where there has been a trustee appointed for the purpose of protecting such property against the marriage rights of the husband, during the coverture; the trust being considered as executed whenever the coverture ceases to exist. The interest of the trustee in the property is determined by the coverture, when there is no other object to be accomplished by his appointment." (Liptrot vs. Holmes, 1 Ga., 381.) This we think is the established law. (Morgan vs. Moore, 3 Gray, 323; Steacy vs. Rice, 27 Penn. St., 75; Bush's Appeal 33, *Id.*, 85.) By the very term of our statute upon the execution of the deed, the seizin and possession of the premises were transferred to the beneficiaries. (2 W. S., 1350, § 1.)

The deed from George W. Moseley to Armstrong, as trustee, conveys the land "for the sole use and benefit of the said Ann M. Moseley, her heirs and assigns forever, and in further trust, that the said Ann. M. Moseley shall have the use and occupation of said lands, and take and enjoy the rents and profits of the same for her sole use and benefit."

Upon the death of George W. Moseley, the use thus created became immediately executed in Ann M. Moseley, and if she was dead, then in her legal heirs, and thus the whole legal estate was then vested in the *cestui que use* by virtue of the statute of uses. (1 Sand. on Uses, 4th Ed., 85, 98.)

The result is that the judgment must be reversed and the cause remanded.   All the judges concurring.

Separate opinion by JUDGE ADAMS.

I concur in the result.   If the plaintiff had any title, it was a mere legal estate and constituted him trustee for the defendants who are the beneficiaries, and as such, entitled to the possession as against the trustee.

The trustee's office is to protect the legal estate against strangers or trespassers.   But both at law and in equity he must allow the beneficiaries to enjoy the property where such was the intention of the grantor creating the trust.   The statute of Uses only carries the possession to the first use, and in deeds of bargain and sale, the deed itself at common law only created a use in favor of the bargainee, the legal title still remaining in the bargainer or grantor.   And by the statute of Uses this legal title or possession was transferred to the use, and thus the whole title by the statue of Uses was transferred to the bargainee.   But if a trust or second use was declared by the deed the statute did not operate on such second use.   This second use became a trust which the bargainee as trustee was bound to protect.

My opinion, therefore, is that the defendants are still beneficiaries, and as such, entitled to the possession and enjoyment of the estate, and may in this suit, by way of answer or cross-bill, have the legal estate vested in them, as there is no longer any purpose for which it ought to be kept separate from an equitable estate.