Pitts v. Sheriff.

PITTS, *Appellant*, v. SHERIFF.

DIVISION TWO.

1. **Practice in Supreme Court.** The uniform practice in the supreme court is not to disturb the finding of the jury or trial court on a question of fact in an action at law, where the issue has been submitted on proper instructions.

2. **Deed:** DELIVERY: BURDEN OF PROOF. A deed duly executed and acknowledged in the hands of the grantee is presumed to have been delivered, and the burden of proving non-delivery devolves upon him who denies it, and must be satisfactorily established.

3. ———: ———. Where a grantor signs and acknowledges a deed and places it among his other papers, where it is left, and it falls into the hands of the grantee, it does not constitute such a delivery as will convey the title.

4. **Supreme Court Practice:** MOTION FOR NEW TRIAL. Where objection to the competency of a witness is not made a ground for a new trial it will not be considered on appeal.

5. **Conveyance from Husband to Wife:** SEPARATE ESTATE: TECHNICAL WORDS. A deed from the husband directly to the wife, without the intervention of a trustee, creates in her a separate estate in equity, and in such case the technical words necessary to create a separate estate from persons other than the husband are not necessary.

6. ———: ———: CONVEYANCE BY WIFE. The wife can convey her equitable separate estate during coverture without her husband's consent, without being joined in the deed by him.

7. ———: ———: ———. The right of the wife to alien her equitable separate estate, existing during coverture, is not affected by being divorced from her husband for his fault.

8. ———: ———: LEGAL ESTATE. Where the husband, without the intervention of a trustee, conveys an equitable separate estate to his wife, and subsequently she is divorced from him for his fault, by operation of the statute of uses she then becomes seized of the legal as well as the equitable estate.

*Appeal from Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

AFFIRMED.

*Wm. O. Mead* and *J. H. Childers* for appellant.

(1) The deed offered in evidence by the defendant from the plaintiff to Sarah E. Pitts and Theodocia Pitts did not pass any title to Theodocia, for the reason that her name is not in the body of the deed, but only in the *habendum*, and for that reason plaintiff's objections thereto should have been sustained. (2) The court erred in permitting the witness, Sarah E. Pitts, to testify. She is incompetent to testify as to any statements or communications made by the plaintiff to her, while she was his wife, or to testify at all in favor of the defendant, her present husband. (3) The first declaration of law, asked by the plaintiff, should have been given for the reasons: *First.* That this is an action at law, and the deed from the plaintiff to his wife, Sarah E. Pitts, is void. *Turner v. Shaw*, 96 Mo. 22; *Chouteau v. Maginnis*, 28 Mo. 187; *Frissell v. Rozier*, 19 Mo. 448; *Sims v. Rickets*, 9 Am. Rep. 679; *Hunt v. Johnson*, 4 Am. Rep. 631. If this was a suit in equity, upon a showing that Mrs. Pitts had a subsisting equitable right, a court of equity might sustain the deed, but this is not a suit in equity, nor is any equitable right shown to exist. *Tennison v. Tennison* 46 Mo. 77; *Walsh v. Chambers*, 13 Mo. App. 301; *Ranson v. Ranson*, 30 Mich. 328; *Loomis v. Brush*, 36 Mich. 40. *Second.* There was no such delivery as the law contemplates; hence, no delivery at all; there must be an intention on the part of the grantor to part with his title to the property granted, and he must, by his own intentional act, part with his dominion over the instrument by which it is granted, or there is no delivery. *Miller v. Lullman*, 81 Mo. 311; *Hammerslaugh v. Cheatham*, 84 Mo. 13; *Huey v. Huey*, 65 Mo. 689; *Ruckman v. Ruckman*, 33 N. J. Eq. 354; *Crawford v. Berthoff*, 1 N. J. Eq. 458; *Cannon v. Cannon*, 26 N. J.

Eq. 316 ; 2 Greenl. Cruise on Real Prop., top p. 334. A deed does not take effect as a conveyance until delivered. *Hammerslaugh v. Cheatham*, 84 Mo. 13 ; *Huey v. Huey*, 65 Mo. 689 ; *Turner v. Carpenter*, 83 Mo. 333 ; 2 Greenl. Cruise on Real Prop., top p. 333. ( 4 ) The declarations of law, asked by the defendant, should not have been given, for the same reason that those refused on behalf of the plaintiff should have been given. ( 5 ) Plaintiff's motion for a new trial should have been sustained. ( 6 ) The facts proven do not justify the finding of the court.

*T. G. Rechow* and *J. B. Upton* for respondent.

( 1 ) The first two alleged errors, assigned by appellant, cannot be considered by this court because the attention of the trial court was not called to them by the motion for a new trial. *Vineyard v. Matney*, 68 Mo. 105 ; *Hulett v. Nugent*, 68 Mo. 474 ; *Snell v. Harrison*, 83 Mo. 652 ; *Wakefield v. Richardson*, 77 Mo. 589 ; *Atkinson v. Dixon*, 96 Mo. 582 ; *Simpson v. Schulte*, 21 Mo. App. 639 ; *Connelly v. Ben. Soc.*, 43 Mo. App. 286. But there was no error in the ruling of the court on either of these two points. It is immaterial whether the deed conveyed any interest to Theodocia or not. It was clearly admissible for the purpose of showing that appellant had parted with his title to the land, and to show title in some one else. The objection only went to show title in Theodocia. Respondent's wife, being interested adversely to appellant, her former husband, was a competent witness as to the transaction with him out of which the adversity of interests grew. *Moore v. Moore*, 51 Mo. 118 ; *Berlin v. Berlin*, 52 Mo. 151 ; *Darrier v. Darrier*, 58 Mo. 222 ; *Crowder v. Searcy*, 103 Mo. 117. ( 2 ) This court will not review the finding of facts by the trial court in actions at law. *Taylor v. Cayce*, 97 Mo. 242 ; *St. Louis v. Lanigan*, 97 Mo. 175 ; *Krider v. Milner*, 99 Mo. 145. The court found that

the deed was actually delivered, and there was abundant evidence upon which to base the finding. (3) The deed from appellant to his wife created in her an equitable separate estate. *Turner v. Shaw*, 96 Mo. 22; *Small v. Field*, 102 Mo. 120; *Vette v. Leonori*, 42 Mo. App. 222; *Garvey v. Moore*, 15 S. W. Rep. 136; *Lewis v. Simon*, 10 S. W. Rep. 554; *Smith v. Seiberling*, 35 Fed. Rep. 677. And this estate ripened into a legal one upon the dissolution of the marriage by the decree of divorce. *Roberts v. Mosely*, 51 Mo. 286; *Schuster v. Schuster*, 93 Mo. 439; *Highley v. Allen*, 3 Mo. App. 521; *Walsh v. Chambers*, 13 Mo. App. 301; R. S., sec. 4508. (4) On appellant's own theory, he, by his act, placed an apparent title in his wife, and her conveyance to Fox, who knew nothing of any secret or hidden claim that appellant might have in the land, purged the title of any claim of appellant's. And, as the deed, if good in part, is good in whole, it makes no difference that only a half interest was conveyed to Fox. Appellant would be estopped from claiming as against Fox, and is likewise estopped from claiming against those holding under Fox. (5) A grantor cannot, in an action of ejectment, attack his own deed in the hands of his grantee on the ground of non-delivery. *Walsh v. Chambers*, 13 Mo. App. 301; *Scott v. Scott*, 95 Mo. 300. He must first resort to equity, and have the deed set aside.

GANTT, P. J.—This is an action of ejectment for the northwest quarter of the southwest quarter of section 2, and northeast quarter of southeast quarter of section 3, in township 35, range 22, in Hickory county, Missouri. Ouster is laid November 2, 1887. The answer is a general denial. Title was shown in plaintiff up to February 14, 1879. On that date he executed and acknowledged a warranty deed to the above lands to his wife, Sarah E. Pitts. At that time, they had one child, a daughter, Theodocia Pitts. In the habendum

clause in the deed only, Theodocia's name appears as one of the grantees.

After the execution of the deed, plaintiff's wife obtained a divorce from him and afterwards married the defendant Sheriff. Defendant and his wife lived on the lands some five years before plaintiff brought this suit. It appeared in evidence that plaintiff left his wife and daughter in possession when he deserted his wife.

Plaintiff based his right to recover the possession upon two propositions. The *first* was, that he never delivered the deed to his wife, and it was, therefore, inoperative; and, *secondly*, that, if the court found the deed was delivered, that it was void, and would constitute no defense in an action at law, where no equities were pleaded. A jury was waived. The court found for defendant. On the question of delivery, there was a conflict of evidence. The deed was admitted without any objection to its execution or delivery, or its legal effect, but it was objected that it was incompetent to show outstanding title in Theodocia. After the deed was in, plaintiff offered the evidence of himself and relatives tending to show that he simply executed the deed, and left it in his trunk, without delivering it. Defendant offered the evidence of the wife and others to show it was delivered to her.

I. The uniform practice here is not to disturb the finding of the jury or court on a question of fact in an action at law, where the issue has been submitted on proper instructions. On this issue, the court declared that "the law presumes that a deed duly executed and acknowledged, in the hands of the grantee, has been delivered, and the burden of proving a non-delivery devolves upon plaintiff, and such non-delivery must be satisfactorily established," and "that loose declarations alleged to have been made by the grantee should be received with great caution."

For the plaintiff the court declared "that even though it may appear from the evidence that plaintiff

signed and acknowledged the deed in question, and placed the same in a trunk among his other papers, where he left it, whereby it fell into the hands of his wife, this is not such a delivery as the law contemplates, and a deed so acquired is not sufficient to convey title to such premises to the said Sarah E. Pitts, and all subsequent conveyances made by the said Sarah E. Pitts and her present husband conveyed no title."

These instructions fairly submitted the facts in dispute. When a deed has been executed and acknowledged, the possession of it by the grantee is presumptive evidence of its delivery. *Scott v. Scott*, 95 Mo. 300 ; *Green v. Yarnall*, 6 Mo. 326 ; 5 Am. & Eng. Ency. of Law, 447.

II. The objection that Mrs. Sheriff was not a competent witness to the delivery to her is not made a ground for new trial, and cannot be considered.

III. But plaintiff contends, that, although the court found that he delivered the deed, duly executed, to his wife, it will not avail defendant, who bought the land from the vendee of that wife.

It appears that, after Mrs. Pitts was divorced from plaintiff, she was married to defendant, and she and defendant joined in a deed to this land to one Fox. Fox executed a mortgage for a portion of the purchase money, and, having made default, the defendant Sheriff bought the land in at a sale under the mortgage.

The deed from plaintiff to his wife created in her a separate estate in equity in this land. Nothing is better settled than this. *Turner v. Shaw*, 96 Mo. 22 ; *McMillan v. Peacock*, 57 Ala. 127 ; *Small v. Field*, 102 Mo. 104 ; *Shepard v. Shepard*, 7 Johns. Ch. 57 ; *Deming v. Williams*, 26 Conn. 226. When the conveyance is from the husband directly to the wife, without the intervention of a trustee, the technical words necessary to create a separate estate in conveyances to her from persons other than the husband are not at all necessary. *Small v. Field, supra.* The effect of this deed then was to

create in plaintiff's wife the entire exclusive interest in equity in this land. And, under the decisions of this court in *Turner v. Shaw* and *Small v. Field, supra,* she had the right to convey the same without her husband's consent or joining with him during the coverture. Certainly, if this right to alien existed during coverture, it was not lessened when for the fault of her husband she was divorced from him.

In *Roberts v. Moseley,* 51 Mo. 282, this court said: "Where a trustee is appointed to hold the estate of a married woman, to protect it from the husband, and the marriage relation comes to an end, his estate at once becomes executed in the person who is to take it, the wife, if living, or, if she is dead, her heirs-at-law." In other words, when the conditions under which the trust or use ceased, the seizin and possession were transferred by operation of law to the beneficiary. If the law would effect the transfer where a third party was trustee, when the marriage relation came to an end, upon what principle would it hesitate to execute the use in the wife when the conveyance was directly to her. We can find none. Accordingly, we hold, that when the court found the deed was delivered to Mrs. Pitts, and that she was subsequently divorced, then the law executed the use in her, and transferred to her the legal as well as the equitable title. 2 Washburn on Real Prop. [3 Ed.] 461, sec. 45; *Liptrot v. Holmes,* 1 Ga. 381; *Morgan v. Moore,* 3 Gray, 323; *Steacy v. Rice,* 27 Penn. St. 75; *Bush's Appeal,* 33 Penn. St. 85.

By operation of our statute of "uses and trusts," section 8833, the wife, when she became discovert, was seized of the legal as well as the equitable estate, "to all intents, constructions and purposes in law," as fully as if the husband, the plaintiff, had made a formal conveyance to her after the divorce.

The rule is well settled, both in England and in this country, that, when an estate is devised to trustees for a particular purpose, the legal estate rests in them

as long as the execution of the trust requires it, and no longer. *Steacy v. Rice, supra; Ross v. Parker,* 1 Barn. & Cress. 360 ; *Mark v. Mark,* 9 Watts, 410. Here, the husband was by construction of law trustee of his wife, simply because he was her husband. When the marriage ceased, the trust ceased, and the use was executed.

The court committed no error and found for the right party, both at law and in equity. The judgment is affirmed. All concur.