COCKRILL v. WOODSON et al.

(Circuit Court, W. D. Missouri, St. Joseph Division. October 31, 1895.)

HUSBAND AND WIFE—EFFECT OF CONVEYANCE DIRECTLY TO WIFE—LAW OF MISSOURI.

One C., in 1885, conveyed certain land in Missouri to his wife, by an ordinary warranty deed. In 1889 C.'s wife was divorced from him for his fault, and C. thereby forfeited "all rights and claims under and by virtue of the marriage," in accordance with the statute of Missouri (Rev. St. 1879, § 2182). The divorced wife afterwards married one W. C. sued W. and wife in ejectment to recover the land. *Held*, following the decisions of the Missouri courts, that the effect of the deed made by C. in 1885 to his then wife was to create in her an equitable estate in the land, to her separate use, and to constitute C. a trustee thereof for her; and that, upon the dissolution of the marriage, his trusteeship ceased, and the use became executed in favor of his divorced wife, who was thereafter seized of both the legal and equitable estate in the land.

This was an action of ejectment by William F. Cockrill against Byron Woodson and Helen Woodson.

The cause was heard by the court on the following agreed statement of facts:

The above-named parties stipulate and agree as follows: That the case shall be submitted to the court sitting as a jury on the following statement of the facts: (1) That the title to the real estate in suit was formerly in the plaintiff. (2) That in 1885 the plaintiff, who was at the time the husband of the female defendant, conveyed said real estate to said female defendant by an ordinary warranty deed, for the consideration named,—of love and affection and ten dollars. (3) That on April 2, 1889, the female defendant was by decree divorced from the plaintiff, on account of the fault of said plaintiff. (4) That the female defendant is now in possession of said real estate, and has been in the possession thereof since the execution of said deed. (5) That the reasonable value of the rents and profits of said real estate is one hundred dollars per year; and that the value of the said real estate is four thousand dollars.

J. E. Merryman, for plaintiff.

E. H. Norton and Hall & Woodson, for defendants.

PHILIPS, District Judge. This case is submitted on an agreed statement of facts filed herein. It being an action of ejectment, the plaintiff must recover upon the strength of his own title. It being a possessory action, the legal title to the property must be in him at the time of the institution of suit. And, of course, if the legal title, carrying with it the right of possession, be not in him at the time of the institution of suit, he cannot recover. So that the question to be decided by the court is whether or not the legal title and the right of possession at law were in the plaintiff when this action was begun.

In November, 1885, the plaintiff was the owner in fee of the land in controversy, at which time he attempted to convey the same to his wife, the defendant Helen Woodson, by ordinary deed of conveyance. The well-settled rule of law, both in the courts of this state and in the federal courts, is that such a deed is ineffectual to convey the legal title to the wife; but it is equally the well-settled rule of law in this state that such deed creates in the wife an

equitable estate in the property, to her separate use; and, while the husband still retains the legal title, the law makes him a trustee for the equitable estate in the wife. Small v. Field, 102 Mo. 104, 14 S. W. 815; Turner v. Shaw, 96 Mo. 22, 8 S. W. 897. It has also been the settled law of this state since the case of Roberts v. Moseley, 51 Mo. 282, that where a trustee is appointed to hold the estate of a married woman, to protect it from the husband, and the marriage relation comes to an end, his estate at once becomes executed in the person who is to take it,—the wife, if living, or, if she is dead, her heirs at law. The doctrine of this case was adopted by the supreme court of this state as early as 1855, in the case of Wood v. Simmons, 20 Mo. 364, where it was in effect held that the divorce of the wife from the husband operated to place the wife in the same situation she would have occupied had her husband then died. At the time, both of the execution of the deed from the husband to the wife and the granting of the divorce between them, the statute of the state (section 2182, Rev. St. 1879) declared that "in all cases of divorce from the bonds of matrimony the guilty party shall forfeit all rights and claims under and by virtue of the marriage." The plaintiff, after the execution of the deed in question to his wife, sustained the relation of trustee for the equitable estate in the wife solely by virtue of the marital relation. When that relation ceased, either by death or by operation of law, his trusteeship, eo instanti, ceased, and the use became at once executed in favor of the beneficiary. So it has been expressly held by the supreme court of the state in Pitts v. Sheriff, 108 Mo. 110, 18 S. W. 1071, that where, after the making of such deed by the husband to the wife, the wife is divorced from the husband by reason of his fault, his trusteeship of the use ceased, and the seisin and possession were thereby "transferred by operation of law to the beneficiary. If the law would effect the transfer, where a third party is trustee, when the marriage relation comes to an end, it then executed the use in the wife when the conveyance is directly to her." The court further say: "By operation of our statute of 'Uses and Trusts' (section 8833), the wife, when she became discovert, was seised of the legal as well as the equitable estate, 'to all intents, constructions and purposes in law,' as fully as if the husband (the plaintiff) had made a formal conveyance to her after the divorce."

This being the well-settled rule of law of the state, in construing its own statutes and laws, respecting the transfer of title to real estate, such decisions become a rule of property, especially so in respect of real estate; and the federal courts, in administering justice in the state, follow the rules of decision of the state courts in this respect. Any other rule of practice would result in confusion and utter disarrangement and dislocation of titles to real estate. It would present an intolerable condition of affairs if a citizen of the state, under the rules of decision that obtain in the state courts, would be held to be the owner of the land, and entitled to the possession thereof, in an action of ejectment brought against him in the state court; but, if such action were brought in the fed-

eral court, he would be held not to be the owner, nor entitled to the possession of his land. To avoid such absurd results, affecting the title to real estate and property, the federal courts follow the rules of decision of the supreme court of the state where the title is in any measure made to depend upon the construction of its own statutes and the laws and usages of the state. Jackson v. Chew, 12 Wheat. 153; Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10; Hazard v. Railroad Co., 17 Fed. 753; Turner v. Ferry Co., 21 Fed. 94. The legal title to the land being in the defendant Helen, and the right of possession being in the defendant Byron Woodson, at the time of the institution of suit, under the law of the state, as construed by its highest court, there was no necessity for the defendants, as contended for by the learned counsel for plaintiff, to resort to a cross bill in equity to decree the legal title out of plaintiff, and vest it in the defendant Helen, before she could successfully resist the plaintiff's action at law, for the simple reason that by the operation of law, as declared by the supreme court of the state, both the legal and the equitable title were vested in her at the time of the institution of this action of ejectment. It results that, on the agreed statement of facts, the court declares the law to be that the plaintiff cannot recover. Judgment for defendant, with costs.