## OWINGS v. WIGGINS *et al.*, *Appellants.*

### Division One, March 24, 1896.

1. **Husband and Wife:** SEPARATE ESTATE OF WIFE: CONVEYANCE BY WIFE OF HER EQUITABLE SEPARATE ESTATE. The purchase of real estate by the husband with money inherited by the wife, which was, under the statute, her separate property and under her sole control (R. S. 1879, sec. 3296), and the taking of the deed in his own name, conveyed to him the legal title in trust for her sole and separate use, and the mortgage of the land by her, without being joined by her husband, had the effect of passing to her grantees all the equitable interest she had in the land and was valid and binding on her.

2. **Married Woman:** MORTGAGE OF EQUITABLE SEPARATE ESTATE: SECURING LEGAL TITLE. An agreement by a married woman, who had alone executed a mortgage on her equitable separate estate, authorizing the mortgagees to institute such proceedings as might be necessary to secure the legal title from her husband, was sufficient authority for them to secure such title by deed.

*Appeal from Howell Circuit Court.*—Hon. W. N. Evans, Judge.

REVERSED AND REMANDED.

*Monks* for appellants.

The purchase of the land with the money inherited by the wife and taking the title in the husband's name gave him the legal title in trust for her. R. S. 1879, sec. 3296. Where a trust is created for a married woman's separate use without more, she has an alienable estate independent of her husband which she may dispose of as a *femme sole* owner; she has also the power incident to the property in general of contracting debts to be paid out of her separate estate. *Whitesides v. Cannon*, 23 Mo. 457; *Dunifer v. Jecko*, 87 Mo. 282. From the testimony of the respondent in this case there is no question but that this land came to her during coverture by purchase with her separate money; therefore the conveyance in question was valid and binding without her husband joining her in it. *Brown v. Dressler*, 125 Mo. 589.

MACFARLANE, J.—In 1868 plaintiff and James K. P. Owings were married, and were divorced in 1893. On the first day of May, 1881, plaintiff's husband purchased the eighty acres of land here in controversy. The money used in the purchase of the land was the separate property of plaintiff though the legal title to the land was taken in the name of her husband. It appears that these persons did not live together as husband and wife for the last ten or twelve years of their married life, plaintiff residing on the land and her husband the greater part of that time living in the state of Arkansas.

In April, 1891, plaintiff commenced a suit in Phelps county to recover some claim she asserted in her father's estate, and was ruled to give a bond to secure the costs. She applied to defendant Wiggins and one William Monks to sign her cost bond and offered to secure them against losses by a mortgage on the said land. She then informed them of the condition of the title and represented that the title was only held by her husband in trust for her and authorized them to institute any suit necessary to secure a good title. These parties signed the bond on these conditions, and plaintiff alone executed, acknowledged in due form, and delivered to them a mortgage on the land, conditioned that she should indemnify them on account of any losses they might sustain as sureties. The mortgage contained a power of sale. Plaintiff lost her suit and the costs, amounting to $266, was adjudged against her and her sureties on the cost bond. Execution was issued and said sureties were required to pay the costs. Plaintiff refused to refund the amount paid and denied that she had any interest in the land. The sureties sold the land under the power conferred under the mortgage and defendant Wiles became the purchaser and a deed was made to him by the mortgagees. It appeared that this purchase was made for the benefit of defendant Wiggins. Afterward, in November, 1892, the husband of plaintiff by deed conveyed to defendant Wiggins the legal title to the land.

This suit is prosecuted by plaintiff, in equity, the purpose of which is to secure the cancellation of the mortgage, and mortgagees' deed, on the ground that she, being at the time a married woman, had no power without joining her husband to make the mortgage; also to set aside the deed from her husband to defendant as being in fraud of her rights.

The facts are not disputed. Indeed, they are all established by the testimony of plaintiff herself, and were specially found by the circuit court.

The court found for plaintiff and granted all the relief sought. Defendants appealed.

We are unable to agree with the learned circuit judge in the conclusions of law drawn from the facts found. The evidence shows that plaintiff inherited from the estate of her father money with which this land was purchased. The statute in force when the purchase was made provided that all personal property coming to a married woman by inheritance, or by purchase with her separate money, should be and remain her separate property, and under her sole control. R. S. 1879, sec. 3296. Under the deed, then, by which this title was acquired, the husband took, by operation of the statute, the legal title in trust for the sole and separate use of plaintiff and so held it when the mortgage was made.

It is well settled in this state that a married woman may convey her separate estate without being joined in the deed by her husband. The mortgage therefore had the effect of passing to the mortgagees all the equitable interest plaintiff had in the land, and was valid and binding on her. *Turner v. Shaw*, 96 Mo. 28; *Pitts v. Sheriff*, 108 Mo. 116; *Small v. Field*, 102 Mo. 120.

The agreement between plaintiff and her sureties that the latter could institute such proceedings as might be necessary to secure the legal title from the husband was sufficient authority for them to secure such title by deed. There was no fraud in taking the deed.

Judgment is reversed and cause remanded with directions to enter judgment dismissing plaintiff's petition and for costs against her. All concur.