MILLER et al., Appellants, v. QUICK.

### Division One, November 12, 1900.

1. **Deed from Husband to Wife: CURTESY: LIMITATIONS.** Prior to 1875 a direct conveyance from a husband to a wife of his lands vested in her an equitable separate estate, the husband being regarded as holding the legal title in trust for her. And the husband is entitled to curtesy initiate in the lands in which she thus holds an equitable estate from the date of such conveyance to her and at her death it becomes consummate. And his deed after curtesy consummate conveys his curtesy interest and entitles his grantee to the possession till his death, and hence the statute of limitations does not begin to run against her heirs until the husband's death.

2. **Defeasance: SIGNED BY BOTH PARTIES.** A defeasance, to be valid, must be made between the same persons who were parties to the first deed and must be signed and executed by the person whose estate is to be defeated. Hence, where the husband conveys his lands by deed directly to his wife, and by a collateral instrument, which was not signed by her, gives notice that the deed to the wife is made with the express understanding that it is to be void if she dismiss her divorce suit and live with him and he never afterwards drink intoxicating liquors, said collateral instrument or defeasance is not binding on her or her heirs.

3. **Conveyance: NOTICE: RECORD: CONSIDERATION.** A mere self-serving declaration executed alone by the grantor in a separate deed to his wife, setting forth the reasons why he made that deed and the understanding on which it was made, is not entitled to be read into such deed, nor is it entitled to be recorded.

Appeal from Holt Circuit Court.—*Hon. C. A. Anthony,* Judge.

REVERSED AND REMANDED (*with directions*).

*T. C. Dungan* for appellants.

(1) At common law under our Missouri statutes, the husband was, and is, entitled to curtesy in all of wife's realty whether a legal or an equitable separate estate, notwithstand-she may have the right to dispose of and convey such equitable estate, without joining her husband in the conveyance. 1 Kerr on Real Estate, secs. 842, 843; Winkler v. Winkler, 18 W. Va. 455; Alderson v. Alderson (W. Va.), 33 S. E. Rep. 228. (2) In this State the wife could not cut out such curtesy right of her husband in her legal or equitable estate by will, any more than a husband could so deprive his wife of dower. Soltan v. Soltan, 93 Mo. 310; Appeal of Cooke, 19 Atl. 274, 32 Pa. St. 533; Middelon v. Stewart, 47 N. J. Eq. 293. (3) If a husband, prior to the 1889 revision of our statutes, owning real estate in fee, made deed direct to his wife therefor, and there was a child or children born of their marriage, then she acquired a separate estate in equity against him. Turner v. Shaw, 96 Mo. 27; Small v. Field, 102 Mo. 120; Pitts v. Sheriff, 108 Mo. 110; Owings v. Wiggins, 133 Mo. 633; Cockrell v. Woodson, 70 Fed. Rep. 752. And the husband has curtesy in such equitable separate estate of the wife at her death, although the legal title remains in the husband as trustee for her during life. McTigue v. McTigue, 116 Mo. 142; Lewin v. Warrance, 17 Mo. 228; Tremmel v. Kleibolt, 75 Mo. 258, 6 Mo. App. 549; Cornwell v. Orton, 126 Mo. 366; Ogden v. Ogden, 60 Ark. 70, 28 S. W. 796. And a conveyance by a husband to a trustee for his wife's sole use, does not deprive him of curtesy therein, at

Miller v. Quick.

her death, unless specially excluded by the deed. Soltan v. Soltan, 93 Mo. 307; Tremmel v. Kleibolt, *supra;* Spencer v. O'Neill, 100 Mo. 49; McTigue v. McTigue, *supra;* Cornwell v. Orton, *supra;* Cushing v. Blake, 30 N. J. Eq. 696; Baker v. Nall, 59 Mo. 494. The husband has curtesy in wife's separate estate in equity, as well as in her estate at law. Lewin v. Warrance, 17 Mo. 228; Tremmel v. Kleibolt, *supra;* McTigue v. McTigue, *supra;* Cornwell v. Orton, *supra.* Lands conveyed in equity to wife, or to her separate use, means to her separate use during coverture only, and such conveyance does not bar curtesy. 1 Beach on Trusts, sec. 288; 4 Am. and Eng. Ency. of Law (1 Ed.), pp. 965 and 967; Tremmel v. Kleibolt, 6 Mo. App. 549, 75 Mo. 255. (4) The husband, Daniel Hahn, held the legal title in trust for Nancy E. Hahn, his wife, and was alone entitled to possession, and said Nancy E. Hahn had no right of action against him or his grantee during coverture, by reason of such husband's right of curtesy initiate, and after the wife's death her heirs had no right of action prior to such husband's death, by reason of the husband's (Daniel Hahn's) curtesy consummate, and for these reasons plaintiffs are not barred by the statutes of limitations. Dyer v. Wittler, 89 Mo. 81; Wilson v. Arentz, 70 N. C. 670; Harris v. Ross, 86 Mo. 89; Dyer v. Brannock, 66 Mo. 420; Johns v. Fenton, 88 Mo. 64; Smith v. Patterson, 95 Mo. 525.

*H. T. Alkire* and *H. S. Kelley* for respondent.

(1) The instrument which we call a defeasance or qualification of the deed from Hahn to his wife was competent evidence, and ought to have been admitted and treated as a part of the transaction, just as much as if it had been written in the deed—it was really a part of the deed. The objection

that it was not signed by her, and she was not bound by it, is not well taken. She did not sign the deed, yet, if she accepted it, she would be bound by all its provisions or terms. There is no evidence that Mrs. Hahn was present when these writings were drawn up and executed, or that the deed was ever delivered to or accepted by her, or by any one for her or to her use. It is fair to presume, however, that she knew all about the terms of the settlement with her husband, and that the deed and the separate defeasance with their contents and provisions were well understood by her. The paper states that the deed was made upon the express understanding that it was subject to and dependent upon the conditions set forth in said defeasance. These instruments bear the same date, were attested by the same witnesses and acknowledged on the same day before the same officer and were filed for record at the same time and recorded in the same book on the same page. If Hahn filed these instruments for record, or if he authorized the attorney to do so, that would be considered a sufficient delivery to the wife, and it being beneficial to her, it will be presumed that she accepted it; moreover, she was required to return to his home and be a wife to him, which she did. (2) It is well known that a deed absolute on its face may be shown, by extrinsic evidence, and parol at that, to be a mortgage or a security for the payment of a debt or as an indemnity, according to the intention of the parties. Cobb v. Day, 106 Mo. 278; Book v. Beasley, 138 Mo. 455; Hatch v. Hill, 106 Mo. 18; King v. Greaves, 51 Mo. App. 534; Sayer v. Devore, 99 Mo. 437; Bartlett v. Brown, 121 Mo. 353; Kinzer v. Kinzer, 130 Mo. 131; Hargadine v. Henderson, 97 Mo. 375. Inadequacy of price, the grantor remaining in possession, making improvements, and the fact that the grantor understood the conveyance to be intended to operate as a mortgage or security or indemnity, may be considered by the court in determining the nature and character of the instru-

ment.   Cobb v. Day, 106 Mo. 278.   And if it be doubtful whether an instrument absolute on its face is an absolute conveyance or a mortgage, the doubts should be resolved in favor of the theory of a mortgage, and compel the transaction to assume and wear that hue and complexion.   Book v. Beasley, 138 Mo. 463; O'Neill v. Capelle, 62 Mo. 202.

MARSHALL, J.—Ejectment to recover possession of one hundred and twenty acres of land in Holt county.   The plaintiffs are the heirs at law of Nancy E. Hahn.   The petition is in the usual form.   The answer is a general denial, and special pleas of the ten and thirty years statutes of limitation, with a prayer that the defendant's title be declared absolute.   The reply avoids the plea of limitation by setting up the facts hereinafter stated.   It was admitted that Daniel Hahn is the common source of title.   On the 10th of August, 1854, Daniel Hahn and Nancy E. Hahn were husband and wife, and on that day he conveyed to her, direct, by warranty deed, an undivided half of the southeast quarter of section 17, in township 59, of range 38, covering the land here involved, and also a like undivided interest in other lands, amounting to about five hundred and twenty acres, which is not involved in this suit.   Nancy E. Hahn died in 1866, intestate, and seized of such undivided interest in all the said lands, except forty acres not included in this action, which she and her husband conveyed to one Freeholt in 1861.   After her death, by warranty deed, dated November 11, 1867, Daniel Hahn conveyed seventy acres of the one hundred and twenty acres here in controversy to Joseph Coleman and the defendant acquired the Coleman title by mesne conveyances. Afterwards on the 6th of November, 1869, Daniel Hahn conveyed, by warranty deed, to Alvin H. Buzzard, an undivided one-half of the fifty acres, the remainder of the original one-hundred and twenty acres, here in suit, and the defendant

claims to hold, by mesne conveyances, the undivided one-half interest in the fifty acres so conveyed by Hahn to Buzzard. On the 9th of May, 1879, Hahn and Sarah J. (his second wife), quitclaimed the whole of the fifty acres to defendant's grantor, and defendant claims therefore to have full title thereto.    Daniel Hahn died November 7, 1897, and the plaintiffs, as the sole heirs of Nancy E. Hahn, instituted this suit on the 29th of November, 1897.    It was stipulated between the parties that the annual rents and profits of the undivided half amounted at the trial to $150, and that the monthly rents and profits were $12.50.

The defendant offered in evidence the following instrument of writing, signed by Daniel Hahn, and duly acknowledged and recorded on the same page of the records with the deed of August 10, 1854, from Daniel Hahn to Nancy E. Hahn:

"Know All Men by These Presents, That I, Daniel Hahn, of the county of Holt, in the State of Missouri, have this day conveyed to my wife, Nancy E. Hahn, one undivided half of all my real estate (the deed bearing even date herewith and the numbers of said land are given in said deed.) Now, said deed is made with this express understanding, that is to say:    That whereas my said wife Nancy E. has left my bed and board and sued for a divorce in the Holt Circuit Court, now, if said Nancy E. returns to my house and lives with me as a wife, and I never drink any intoxicating liquors or get drunk and treat her ill, then said deed is to be void so long as I act right towards my said wife.    But if I at any time hereafter take to drink or abuse my wife, Nancy E. Hahn, then and in that case the said deed is to be in full force and virtue in law and equity.

"Witness my hand and seal this 10th day of August, 1854.                      Daniel Hahn,      (Seal.)

"Attest:    James Foster, Charles Blackley."

Upon plaintiff's objection the court excluded the instrument. The defendant then offered to prove "that Nancy E. Hahn, the wife of Daniel Hahn, returned to the home of said Daniel Hahn and lived with him as his wife, and that the said Daniel Hahn did not thereafter drink intoxicating liquors or get drunk or treat his wife ill, and that he acted right towards his wife until the time of her death." Upon plaintiff's objection the court excluded such testimony. The defendant showed possession in himself and his grantors from the date of Daniel Hahn's deeds in 1867 and 1869.

The plaintiffs asked, *inter alia,* the following instruction:

"The court declares the law to be, that the deed of Daniel Hahn to Nancy E. Hahn, his wife, offered in evidence, was sufficient to, and did, convey to her a separate estate in equity, to the undivided one-half of the land described therein, and that he, the said Daniel Hahn, became a trustee for her, and a tenant by the curtesy initiate therein, and at her death, in the year 1866, he became a tenant by the curtesy consummate, and at this, said Daniel Hahn's death on November 7, 1897, the said plaintiffs, heirs of said Nancy E. Hahn, deceased, became invested with the legal as well as the equitable title, to the said undivided one-half of the said lands, and are entitled to recover the possession thereof, in this case, and the verdict should be for the plaintiffs."

The court refused to so instruct and the plaintiffs properly saved their exception.

On its own motion the court gave the following instruction, and plaintiffs duly excepted:

"The court declares the law of this case as follows: That by the deed of Daniel Hahn to Nancy E. Hahn, his then wife, of August 10, 1854, a separate estate was conveyed to and invested in said Nancy E. Hahn to said lands therein or

thereby conveyed, and that said estate was free from the marital rights of the husband, and such an estate as she could dispose of or convey; that if she died in the year 1866, her rights in and to said land, passed to her heirs without the right of curtesy, in the husband; and if it appears from the evidence that as to seventy acres, or any part of said lands the defendant Quick, or those under whom he claims, have had exclusive open, hostile possession under claim of ownership, for thirty years or more; and as to the fifty acres, a like possession for any period more than ten years, the finding should be for the defendant."

Thereupon the court rendered judgment for the defendant and after proper steps the plaintiffs appealed.

## I.

Prior to 1875 a direct conveyance of real estate by a husband to his wife, while void at law, vested in her an equitable separate estate, the husband being regarded as holding the legal title in trust for her. [Turner v. Shaw, 96 Mo. 22; Pitts v. Sheriff, 108 Mo. 110.] A husband was entitled to curtesy in such equitable separate estate in like manner that he was entitled to curtesy in the wife's legal estates. [Tremmel v. Kleiboldt, 75 Mo. 255; McTigue v. McTigue, 116 Mo. 138.]

The legal effect of the deed of August 10, 1854, from Daniel Hahn to Nancy E. Hahn, was to vest in her an equitable separate estate in an undivided half interest therein, and he had an estate by the curtesy initiate therein which became consummate at her death in 1866. His deeds thereafter conveyed his undivided half interest and also his estate by the curtesy in the other half, and entitled his grantees to the possession of the whole estate until his death in 1897.

Until his death and the termination of the estate by the curtesy the heirs of Nancy E. Hahn were not entitled to the possession of her undivided portion and therefore the statute of limitations did not begin to run against them until his death in 1897. [Dyer v. Brannock, 66 Mo. l. c. 422; Smith v. Patterson, 95 Mo. 525; Rumsey v. Otis, 133 Mo. 85.] Mrs. Hahn died seized of the land here in controversy and left as her heirs the plaintiffs, who were born during her coverture with Daniel Hahn. Therefore Daniel Hahn and his grantees were entitled to the possession of the whole estate until his death in 1897, and the right of action for the possession of Mrs. Hahn's undivided one-half did not accrue to her heirs until the termination of the estate by the curtesy in 1897.

The above quoted instruction asked by the plaintiffs and refused by the court stated the law correctly and should have been given. The instruction given by the court on its own motion was radically wrong. It is not necessary in this case to consider whether a wife could cut out her husband's estate by the curtesy by conveying her separate equitable estate, for this question is not present in this case.

## II.

The defendant contends, however, that the instrument executed by Daniel Hahn and placed on record on the same day with the deed from him to his wife, constitutes a defeasance, or at any rate should be read into that deed, and that so read it reduced the absolute estate to a base fee, and that the court should have heard the offered parol testimony that the husband had complied with the terms of that instrument and hence the deed to the wife was void.

A defeasance is "a collateral deed, made at the same time with a foeffment or other conveyance, containing certain con-

ditions upon the performance of which the estate then created may be defeated or totally undone." [9 Am. & Eng. Enc. Law (2 Ed.), p. 169.] To be valid it must be made between the same persons who were parties to the first deed and must be signed and executed by the person whose estate is to be defeated. [Shaw v. Erskine, 43 Mo. 371.] The instrument here offered in evidence was not signed by Mrs. Hahn and she or her heirs are not bound by it. It was properly excluded and therefore the parol testimony relating thereto was likewise properly excluded.

Neither can that instrument be read into the deed from the husband to the wife. It was a mere self-serving declaration of the husband, which the wife was not a party to, and was no more binding upon her than any similar document signed and executed by any grantor after he had made and executed a deed would be binding upon the grantee therein. If such documents so executed could defeat a grant, complete on its face, then no conveyance would effectually transfer title. The paper ought never to have been admitted to record.

It follows that the judgment of the circuit court must be reversed, and as no good purpose would be subserved by a new trial, and as the rents and profits have been stipulated, the cause will be remanded to the circuit court with directions to enter a judgment for the plaintiffs for the possession of an undivided one-half of the land described in the petition, and also for $150 damages and for monthly rents and profits at the rate of $12.50 a month from January 18th, 1898, to the date of the restitution of such possession.

All concur.