## WILKERSON *v.* POWELL.

### Opinion delivered March 7, 1927.

1. HUSBAND AND WIFE—DEED FROM HUSBAND TO WIFE.—A deed from husband to wife conveys the equitable title to her, and the legal title retained by the husband as trustee merged, on the husband's death, with the equitable title, giving the wife full legal title with power of testamentary disposition.

2. HUSBAND AND WIFE—CONVEYANCE TO WIFE.—A husband making a conveyance of land to his wife retains legal title as trustee, having no other interest except a life estate as tenant by the curtesy in case of his survival.

3. HUSBAND AND WIFE—DEED FROM HUSBAND TO WIFE—EFFECT OF DEATH.—A deed from husband to wife vests in her the equitable title, into which the legal title merges on the death of either of the spouses.

4. WILLS—TESTAMENTARY POWER OF WIFE UNDER CONVEYANCE FROM HUSBAND.—A wife who received a conveyance from her husband had a right to devise her estate therein during her husband's lifetime, as either her death or her husband's would terminate his trust in the property.

Appeal from Saline Chancery Court; *M. H. Hollimon,* special Chancellor; affirmed.

*Mehaffy & Mehaffy,* for appellant.

*W. H. Evans* and *Brouse & McDaniel,* for appellee.

SMITH, J. Appellants filed a complaint in which they alleged that J. A. Wilkerson owned a certain tract of land, which he conveyed to his wife, Mrs. S. E. Wilkerson, their mother. That both J. A. Wilkerson and his wife were dead. It was not alleged which died first, although both died before 1920. That Mrs. Wilkerson died testate, and by her will devised the land to certain of her children, to the exclusion of appellant. All the plaintiffs and defendants are children of both J. A. Wilkerson and Mrs. S. E. Wilkerson.

It is argued that, upon the death of Mrs. Wilkerson, the equitable title which she took under the deed from her husband merged into the legal title which remained in him after his conveyance to her, and that she therefore had no title which could be devised. In other words, the argument is made that Mrs. Wilkerson acquired by the deed to her from her husband only an equitable life estate. A demurrer to this complaint was sustained, and the cause was dismissed, and this appeal is from that decree.

We think the demurrer was properly sustained. Counsel are mistaken as to the interest which Mrs. Wilkerson acquired through the deed to her from her husband.

In the case of *Ogden* v. *Ogden,* 60 Ark. 70, 28 S. W. 796, it was said that, while by the common law a husband could not make a grant of property to his wife, such conveyances were now held valid in the absence of fraud, and that the effect of such a deed is to convey an equitable estate to the wife, while the husband retains the legal title as trustee.

But the estate thus acquired by the wife is not an estate for life. In the case of *Ogden* v. *Ogden, supra,* the grantee wife was survived by her husband, the grantor, and it was held that, upon the death of the wife, the husband became entitled to an estate in the land conveyed for the residue of his life as tenant by curtesy, and that this was true although her estate was only an equitable one. It was there held that the children inherited the equitable estate of their mother, subject to the life estate of their father—the life estate of the father being, of course, the tenancy by curtesy. In this Ogden case the children could not have inherited the land from their mother had she acquired only a life estate under the deed to her from her husband.

A case similar on the facts to the instant case is that of *Stark* v. *Kirchgraber,* 186 Mo. 633, 85 S. W. 868, 105 A. S. R. 629. It was there said: "Sandy Jarrett, the husband of Hulda Jarrett, occupied the position in

respect to this land as trustee of his wife, by construction of the law, simply because he was her husband, and when the marriage relation was at an end the trust relation ceased, and this use was executed by operation of law. In *Robert* v. *Moseley,* 51 Mo. 282, this court said: 'Where a trustee is appointed to hold the estate of a married woman, to protect it from the husband, and the marriage relation comes to an end, his estate at once becomes executed in the person who is to take it, the wife, if living, or, if she is dead, her heirs at law.' '''·

The opinion further quoted from the earlier case of *Pitts* v. *Sheriff,* 108 Mo. 116, 18 S. W. 1072, as follows: "The rule is well settled, both in England and in this country, that, when an estate is devised to trustees for a particular purpose, the legal estate rests in them as long as the execution of the trust requires it, and no longer. *Steacy* v. *Rice,* 27 Pa. St. 75, 67 Am. Dec. 447; *Ross* v. *Parker,* 1 Barn. & C. 360; *Mark* v. *Mark,* 9 Watts, 410. Here the husband was by construction of law trustee of his wife, simply because he was her husband. When the marriage ceased, the trust ceased, and the use was executed."

After thus quoting from the Pitts case the court proceeded to say: "It is clear from the principles announced in this case (and it has never been departed from) that, upon the death of Hulda Jarrett, wife of 'Sandy,' the marriage relation was at an end, and it is equally apparent that, upon her death, the trusteeship of her husband ceased, and that the estate held in trust by the husband, upon the dissolution of the marriage relation, at once became executed in the persons who were to take it, who, in this case, were the children of Hulda Jarrett, deceased."

So here the husband, while a trustee, had no other interest in the land. Had he survived his wife, he would, under the authority of the case of *Ogden* v. *Ogden, supra,* have had a life estate as tenant by curtesy. But he would have had no other interest in the land.

Upon the death of the husband the trust ceased and the use was executed, and the legal title of the husband merged into the equitable title of the wife. So also would the trust have ceased had the wife died first, as the death of either spouse would have terminated the trust. *Cockrill* v. *Woodson*, 70 Fed. 752; *Miller* v. *Quick*, 158 Mo. 495, 59 S. W. 955.

Mrs. Wilkerson therefore had the right to devise her equitable estate, although her husband was living, because the will would not take effect until her death, and her death terminated the trust.

No reason is shown in the complaint why Mrs. Wilkerson might not have devised the land to certain of her children, to the exclusion of the others. The question presented for our decision is her right to devise the land at all, and, as we think she had this right, the demurrer to the complaint was properly sustained, and the decree is therefore affirmed.

Mehaffy, J., disqualified, and not participating.