BRISTOW *v.* BRISTOW.

4-2602

Opinion delivered July 11, 1932.

J. B. Perrymore, J. D. Benson *and* O. D. Thompson, *for appellant.*

J. P. Clayton *and* G. C. Carter, *for appellee.*

BUTLER, J. The parties to this litigation lived together as man and wife in this State until 1911, at which time they separated and appellee removed to Texas, where, in January, 1914, he obtained a divorce. The decree awarding him a divorce contained no reference to his property. Years later, after appellee's health had failed, he returned to this State, and on November 10, 1930, brought this suit against his former wife to recover possession of certain real estate, both rural and urban.

The complaint alleged the joint ownership of the real estate there described, but testimony was offered touching the title to only three town lots the title to which had been conveyed to appellee individually. The judgment rendered from which is this appeal makes no reference to the rural property.

Appellant defended upon the grounds that she took title to the property under a parol agreement to that effect and through adverse possession for many years. She testified that, after a conference in 1911 with ap-

pellee, who was then her husband, it was agreed that he should deliver to her the possession of all his real estate, a portion of which was incumbered, and that she should become the owner thereof. The consideration for this agreement was the assumption of payment by appellant of the debts upon the property secured by liens thereon and the payment of certain unsecured personal debts then owing by appellee amounting to several hundred dollars, and the additional agreement on her part to take care of and educate their three children. Appellant testified that these obligations had all been performed, and was corroborated by the two children now living, the third having died.

Appellee denied having made this agreement, although he admitted having left his wife in possession of the property. His version of their agreement upon separating was that she might occupy and use the property while the children were being educated.

This brief statement presents the issues of fact in the case, and no useful purpose would be served by setting out the more or less conflicting testimony.

As has been said, the case as adjudged related only to the city property, and upon this issue the court gave the following instruction: "Gentlemen of the jury: Mr. Bristow sues Mrs. Bristow for joint possession of three certain pieces of property, claiming that he is the record title owner of said property and is entitled to have possession and income of said property jointly along with the defendant. Mrs. Bristow claims that he is not entitled to have possession and part of the income along with her of said property for the reason that he gave her the property and it is now all hers. It is admitted on the part of the defendant that the record title or deed is in Mr. Bristow; that he bought it and paid for and the deed made to him. Mrs. Bristow contends that when he left about 20 years ago he gave her the property.

"So, gentlemen of the jury, you will find for the plaintiff, Mr. Bristow, unless you find from a preponder-

ance of the testimony that Mr. Bristow gave the property to his wife. If you find that he gave the property to her then, he now has no interest in it, and she should win. If he didn't give the property to her then, he now has interest in it, and he should win.''

Upon a verdict in favor of appellee the following judgment was rendered: ''It is therefore the order and judgment of the court, upon the verdict of the jury, that the plaintiff, Geo. O. Bristow, do have and recover of and from defendant, Josie E. Bristow,'' the lands in controversy, which, as there described, were the town lots.

If this judgment is proper, the instruction was not, as its import is that the plaintiff was seeking to recover a joint interest, and not one which was several. The court, in giving the instruction, no doubt had in mind the allegations of the complaint alleging joint ownership. It is inferable, although not established, by the testimony that a portion of the property described in the complaint had been acquired by the parties as tenants by the entirety. However, no objection was made to this instruction, but we make this comment upon it in view of the fact that a new trial must be ordered.

The appellant asked, but the court refused to give, the following instruction: ''You are instructed that if you find from the preponderance of testimony that the plaintiff did at the time of their separation or any other time give the defendant the property he owned in Ozark in question, and that she has been in possession of it and has held the same for a period of more than seven years, and that she had relied upon that gift, then you will find for the defendant.''

We think this instruction should have been given. It is true appellant claimed title under a parol conveyance, which the witnesses referred to as a gift, but she also claimed title by adverse possession, and the testimony on her behalf was sufficient, if believed, to support a finding that she had adversely occupied the property as owner for many years. It is to be remembered that

the parties were divorced in 1914, and this suit was not commenced until 1930. *Wilkerson* v. *Powell,* 173 Ark. 33, 291 S. W. 799. There was no inconsistency in the defenses which appellant interposed, first, that she took title by a parol conveyance, and second, that she had acquired title by adverse possession. The instruction should therefore have been given.

Over appellant's objection, the court permitted appellee to offer in evidence the following letter:

"Ozark, Arkansas, Nov. 13, 1930.

"Dear Mr. Bristow: Why do you want to law out all we have? We owe to the children what we can leave them. I will give you a home a room as good as I have if you will withdraw that suit, on account of the children. You can have a room and make yourself at home, and it seems to me that would be better than lawing it all out. If you will withdraw the suit, you know how low down Jack is. Now please keep what we have for the babys. You can have a home, and we will neither have one when we finish. Please let me hear from you and come back home. The sheriff has sued for the taxes, so I don't know what to do, but will manage some way. Let me hear from you.

"Joe."

This letter was written after the institution of this suit, and was admitted on the theory that it tended to explain the character of appellant's possession.

We think, however, that the letter should not have been admitted in evidence. It was evidently an offer in good faith to compromise the litigation. Notwithstanding the divorce of the parties, their children were their heirs, and the reference to them as such is not inconsistent with appellant's claim of title by adverse possession.

For the error in refusing the instruction set out above, and for the error also in admitting the letter in evidence, the judgment of the court below must be reversed, and it is so ordered.