Jones et al. v. Freed et al.

Affirmed.

---

## JONES ET AL. V. FREED ET AL.

42  357
60  74

42  357
67  96

1. DEED: *Married woman's—words of conveyance.*
   In order to pass her estate in land apt words of conveyance must be used by a married woman. She must join her husband not only in the formal execution of the deed, but in the operative words of grant. A relinquishment of dower will not carry the fee.

2. SAME: *Of husband to wife's land.*
   A husband's deed in fee to his wife's land, not her separate estate, will pass to his grantee the estate in the land during the joint lives of the husband and wife, and during his own life if he survives the wife and there has been issue born alive of the marriage.

3. STATUTE OF LIMITATIONS: *Against vendee of married woman.*
   The statute of limitations will not run against a married woman, nor against her vendee except from the date of his deed.

4. SAME: *Reversionary interest.*
   The statute of limitations will not run against the owner of a reversionary estate until the particular estate be determined; and so where a husband conveys in fee land of the wife in which he has curtesy, the statute will not run against the vendee of the wife until the husband's death.

5. TENANT FOR LIFE: REVERSIONER: *Rights of tenant.*
   Where a reversioner obtains possession of the land before the particular estate has determined he will be required to restore the possession and rents received by him to the owner of the particular estate; and, if necessary, the reversionary interest will be charged with the rents, and sold to pay them.

APPEAL from *Yell* Circuit Court.
Hon. S. C. HALL, Special Judge.

*J. T. Harrison* and *W. N. May* for appellants.

Appellants have had adverse possession for sixteen years, and appellees are barred. As to what is adverse possession, see *17 Ark., 627; 30 Ib., 640; 33 Ib., 150.* Where one dies in possession of land it is *prima facie* evidence that he was *seized in fee.*

Possession of land for the full period of limitation, amounts to an investiture of title. (*34 Ark., 534.*) Any color of title coupled with possession, adverse, open, notorious and continuous for seven years is sufficient. *34 Ib., 547, 598; Hempstead, 624; Fort Smith v. McKibben, 41 Ark., 45.*

Since the passage of married woman's act, April 28, 1873 (*Acts of 1873, p. 378, sec. 9; sec. 4487 Gantt's Dig.*), and by virtue of *section 7, article 9, Constitution of 1874,* the disabilities of married women have been removed, and the statute of limitations runs against them. They no longer have three years after discoverture, to bring suit: *33 Ark., 611; 30 Ib., 23; 34 Ib., 17; 35 Ib., 480; 36 Ib., 355 and 476.*

*W. D. Jacoway* for appellees.

The deed from Dacus and wife to Kimball was void. The land was the wife's separate property, and apt words were not used in the operative clause of said deed. She only relinquished dower when she owned the fee. *3 Wash.*

*Real Prop., 4th ed., p. 353, par. 17, and p. 257, par. 20; 1 Bishop on Law of Married Women, secs. 589 to 604.*

Equity can not cure a void deed. (*Ib., sec. 599.*) Equity will correct defective acknowledgments or mistakes in a deed against a married woman. *Ib., note 1 and 2.*

The statute of limitation does not run against married women until discoverture. (*Gantt's Digest, sec. 4113.*) The act of 1873, and the Constitution 1874 only enlarge and extend their rights for their better protection, and take away none of the safeguards by which she has ever been shielded. (See *36 Ark., 588.*) In all statutes containing general words there is an implied exception in favor of persons whose disabilities the common law recognizes. *Parsons on Contracts, 6th ed., vol. 1, * p. 334; 34 Ark., 547, 534.*

The disabilities which the law has thrown around married women remain except in so far as they have been removed by statute. *39 Ark., 361; 32 Ib., 776; 33 Ib., 432; 35 Ib., 365; 29 Ib., 346; Bishop Married Women, vol. 1, p. 601.*

See also *21 Ark., 539.*

SMITH, J. In 1862 the land in controversy was conveyed to Mrs. Ferrell by a deed which did not exclude the marital rights of any future husband she might take. In 1865 she was married to Dacus, but the land was never scheduled as her separate property under the provisions of the married woman's law then in force. In 1866, Dacus sold and conveyed the land to Kimball with covenants of general warranty and seizin in himself. At the end of this deed is the following clause of joinder: "And for the consideration aforesaid and for divers other good and valuable considerations, I, Ellen J. Dacus, wife of the said William Dacus, do hereby release and quit claim unto the

said George L. Kimball, and his heirs and assigns, all my right, title, interest, claim or possibility of dower, in or out of the aforesaid premises."

The acknowledgment was in the form prescribed for a joint deed by husband and wife of the wife's lands. Kimball took possession, and in 1868 sold and conveyed to Jones, who died in December, 1878, in possession and claiming the fee. But in January, 1878, Dacus and wife made a deed of gift of the same land to the children of the Ferrell marriage. And they have conveyed their interest to Freed and Jacoway, who brought ejectment against the heirs at law of Jones. The defendant set up the deed of Dacus and wife to Kimball, and of Kimball to their ancestor, and relied on their adverse possession for more than seven years. The cause was without objection transferred to chancery and a receiver was appointed. The court below decreed the land and the rents in the receiver's hands to the plaintiffs.

1. DEED: Married woman's must contain apt words of convey- ance.

In order to pass her estate, apt words of conveyance must be used by a married woman. She must join not only in the formal execution of the deed, but in the operative words of grant. The relinquishment of dower did not carry the fee. *3 Wash. Real Prop., 3d ed., ch. 4, sec. 1, paragraph 20, and cases cited; 1 Bish. Married Women, sec. 594; Agricultural Bank v. Rice, 4 Howard, 225.*

2. Hus- band's deed to wife's land

But although the deed to Kimball was of no validity as to Mrs. Dacus, since it only released what she never had, nor could have—a right and possibility of dower in her own land, yet it was effectual to convey the interest which her husband had acquired by marriage; that is to say, the use of the land and the right to take rents and profits during coverture, and his right to curtesy if there has been issue born alive of this marriage and Dacus survives his wife. *Elliott v. Pearce, 20 Ark., 508; Harrod v.*

*Myers, 21 Ib., 592; Tiller v. McCoy, 38 Ib., 91; Shryock v. Cannon, 39 Ib., 434.*

If there could be an adverse holding of the land by the heirs of Jones, the statute of limitations would not run against the plaintiffs except from the date of the conveyance by Mrs. Dacus, she being a married woman when such holding began, and the coverture continuing until the deed of gift was made to her children. *Drennen v. Walker, 21 Ark., 539.*

3. Statute of Limitations: Against married woman and her vendee.

But in truth Dacus, the tenant for life, having conveyed the estate in fee, the statute does not run against the reversioner until the particular estate has been determined. *3 Wash. Real Prop., ch. 2, sec. 7, par. 30, and cases cited.*

2. Same: Against reversionary interest.

The present suit is premature. The plaintiff will not be entitled to the possession of the premises during the joint lives of Dacus and his wife, nor until the death of Dacus, if he has curtesy.

Reversed and remanded, with directions to the Circuit Court to place the parties in *statu quo*, and then to dismiss the action at the cost of the plaintiffs. If the receiver has not been discharged, let him pass his accounts and pay to the defendants whatever funds are in his hands. If the plaintiffs have obtained possession, or received any rents, that possession must be restored, and those rents refunded to the defendants. And, if necessary to the indemnity of the defendants, the court may charge the reversionary interest of the plaintiffs with the repayment of these rents, and subject it to sale.

5. Tenant for life and reversioner: Rights of tenant.