### ROBINSON *v.* GREEN.

### Opinion delivered June 11, 1917.

CANCELLATION OF DEEDS—CONSIDERATION—FRAUD.—Appellee having instituted divorce proceedings against appellant, appellant deeded certain property to her, in consideration that she dismiss her suit and return to him. This she did. Thereafter on account of ill-treatment she left him and brought and obtained a decree for divorce. *Held*, the deed from appellant to appellee would not be set aside, there being no fraud in its procurement.

Appeal from Crawford Chancery Court; *W. A. Falconer,* Chancellor; affirmed.

*Sam R. Chew,* for appellant.

1. At the time the deed was executed the parties were husband and wife. The deed should have been canceled for fraud and total failure of consideration. This cause will be tried *de novo* here and all the facts are

stated. The title was in appellant and husband and wife can not contract with each other. 31 Ark. 678; 49 *Id.* 430; 60 *Id.* 70. The consideration having failed, the deed should be set aside. It only conveyed an equitable estate to the wife—the legal title still remaining in the husband.

HUMPHREYS, J. Appellant brought suit against appellee in the Crawford Chancery Court on April 29, 1916, to cancel a deed executed by him to appellee on January 17, 1912, conveying lot 10, block 76, in the city of Van Buren, Arkansas.

Appellant alleged that the consideration for the execution of said deed was an agreement on the part of appellee to dismiss a suit for divorce and alimony she had brought against him in the Pulaski Chancery Court prior to that time, and an agreement upon her part to return and live with him as husband and wife and not to proceed against him for divorce in the courts.

Appellee answered that the consideration for the execution of said deed was an agreement upon her part to dismiss the suit for divorce and alimony then pending in the Pulaski Chancery Court, but denied that she agreed not to proceed against him for divorce.

The chancellor heard the cause upon the pleadings, oral and record evidence, and dismissed the bill for want of equity. From the decree dismissing the bill, an appeal has been prosecuted to this court and is before us for trial *de novo.*

Appellant testified in his own behalf upon the main issue, in substance, to the effect that his wife had filed suit against him for divorce and alimony in the Pulaski Chancery Court prior to January, 1912; that a meeting was brought about between him and his wife by Lillie Handcock; that at the meeting he was persuaded to agree to make his wife a deed to lot 10 in block 76 in Van Buren of the value of eight or nine hundred dollars, on condition that she would dismiss the suit and not proceed

against him again for divorce, and live with him as his wife; that she dismissed the suit and returned to him and lived with him for a while; that she then told him she had procured the deed in order to "skin him" and for him to move out of the house; that he declined to move, and she brought suit for, and obtained a decree of divorce.

Lillie Handcock gave testimony in corroboration of appellant's evidence in regard to the consideration for the deed.

Appellee testified in her own behalf to the effect that she had been induced to dismiss the suit for divorce and alimony in Pulaski County through the persuasion of Lillie Handcock and in consideration of a deed to the lot in question, and a promise on the part of her husband to treat her better than he had in the past; that upon the execution of the deed she dismissed the suit and returned to her husband and lived with him as long as she could bear his intolerable treatment; that on account of his disloyalty and mistreatment, she brought suit for, and procured a decree of divorce in the Crawford Chancery Court on the 15th day of December, 1913; that her husband tried to get her to sign a paper to the effect that she would not again file a suit for divorce, and upon her refusal he tried to get her to agree for such a provision to be incorporated in the deed, and that she declined to accept a deed of that kind.

The evidence was conflicting whether the one or the other paid for the property, made the improvements and paid the taxes thereon. The probabilities are that the property was purchased and improved with the joint earnings of the parties.

The effect of the chancellor's decree is that no fraud or deceit was practiced upon appellant by appellee in the procurement of the deed to the lot in question. We have read the whole evidence carefully and our conclusion is that appellee returned to her husband and made an honest effort to live with him. She cared for him in sick-

ness and contributed largely to the maintenance of the home. Her entire conduct, after the reconciliation, indicates that she dismissed the suit for divorce and alimony in the Pulaski Chancery Court and returned to her husband in good faith. The fact that appellant made no defense to the suit brought in the Crawford Chancery Court convinces us that he had given his wife ample cause to institute the suit. Under the rule laid down in *Ogden* v. *Ogden,* 60 Ark. 70, the effect of the deed from appellant to appellee was to convey the equitable estate in said real estate to appellee, so in order to obtain a cancellation of the deed, it must appear that appellee obtained it through fraud and deceit or that there was a total failure of consideration. The chancellor found against appellant on these points.

We can not say from the whole record that the finding of the chancellor was contrary to a clear preponderance of the evidence; therefore the decree is affirmed.