MILLER *v.* CHICAGO MILL & LUMBER COMPANY.

Opinion delivered November 24, 1919.

1.  ADVERSE POSSESSION—VOID COMMISSIONER'S DEED—COLOR OF TITLE.
    —A commissioner's deed under decree of the chancery court constitutes color of title.

2. TENANCY IN COMMON—RELATIONSHIP.—If a void decree for the whole title to land constitutes the parties to the action tenants in common, such relationship does not exist between one of the parties thereto and innocent grantees from the purchaser.

3. ADVERSE POSSESSION—NOTICE OF CLAIM.—Where one claims land adversely under color of title, he need not give notice to another claimant residing in a distant State, that he is claiming the land, when he does not know of the other party, his whereabouts, or his claim.

4. LIMITATIONS—DISABILITY OF COVERTURE.—Defendant claimed title to wild lands under color of title, and paid taxes thereon from 1882 until 1917. *Held,* plaintiff's right, claiming an interest in the land, is barred under Kirby's Digest, section 5057, when plaintiff attained her majority in 1884, was married in 1891, obtained a divorce in 1897, and remained unmarried until 1906.

5. ADVERSE POSSESSION—PAYMENT OF TAXES ON WILD LANDS.—Payment of taxes on wild lands for a portion of the seven-year period, may be joined to actual adverse possession for the remainder of the period, so as to give title by limitation.

Appeal from Mississippi Chancery Court, Osceola District; *Archer Wheatley,* Chancellor; affirmed.

*John H. Miller* and *Wright, Miles, Waring & Walker,* for appellant.

1. The chancery court of Mississippi County had no jurisdiction to order a sale as to the plaintiff's interest because she was a non-resident and the probate court had jurisdiction; the deed made under said decree by her guardian to Mitchell was void and she never has been divested of title; the deed of Mrs. Todd and her daughters to Mitchell constituted plaintiff and Mitchell tenants in common and defendants are also tenants in common with plaintiff; that the payment of taxes being by a tenant in common inured to the benefit of plaintiff. There never was any actual ouster of plaintiff or adverse holding to plaintiff's knowledge by defendants and no statute of limitation has run against her, and the evidence shows no *laches.* Under the decree of May 8, 1882, the appellant was the owner of an undivided half interest in the lands and Mrs. Todd and her daughters the owners of the other half. To that extent the decree was valid, as the chancery court had jurisdiction and the decree

followed the articles of agreement entered into on May 1, 1882, between Mrs. Todd and Jarnigan, as guardian. Insofar as said decree adjudicated the rights of the respective parties·it was valid, but that portion of the decree which ordered the sale of the.minor's interest in the land was void.

2.   While the decree of May 8, 1882, in case of Jones against Todd was good so far as it settled the ownership of the land; it was void so far as it ordered a sale of the minors' interest in the lands, as the chancery court had no jurisdiction, but only the probate court.   Art. 7, sec. 34, Constitution 1874; 98 Ark. 63; 135 S. W. 461.

3.   If that decree was void, the deed attempted to be made by Jarnigan was void and did not pass the title of Susie Kirk Jones.   The deed was also void because of its improper form of execution.   It was not signed in the name of the minor by the guardian.

4.   The deed of July 28, 1882, from Jarnigan and the Todds to Mitchell, trustee, made in pursuance of the decree of May 8, 1882, was void as to the minor, Susie K. Jones, and did not convey her title but was valid as to the Todds.   Mitchell acquired only the·Todd title, a half interest, and Mitchell became a tenant in common with appellant, who owned the other half ·interest.   The deed subsequently made by Mitchell was only a quitclaim deed and only conveyed such interest as he had and he did not undertake to convey the interest of the minor. Appellant was a tenant in common with Mitchell and his subsequent grantees, and unless she is barred she is entitled to prevail.

5.   Plaintiff's claim is not barred by limitation.   The lands are wild and unenclosed.   For the rules as to tenancy in common, see 48 Ark. 135; 55 *Id.* 104; 18 Ala. 50; 52 Am. Dec. 212; 49 Am. Rep. 100; 65 Ark. 422; 98 *Id.* 422; 102 *Id.* 611.   As to the character of the Mitchell deed, it did not pass the title of Susie K. Jones but only the Todd's interest and Mitchell and his grantees were tenants in common.   There was no actual ouster or disseizin.   32 Col. 483; 30 Vt. 324; 145 S. W. 538; 22 Ark. 84; 57 *Id.* 97; 32 S. E. Rep. 269.

6. Defendants have not sustained the burden cast on them to bring home to plaintiff notice of adverse holding and of their claim to the *whole* property. 30 Vt. 324; 39 *Id.* 534; 46 Col. 539; 18 *Id.* 75; 138 S. W. 959.

While the seven-year taxpaying act of March 18, 1899, Kirby's Digest 5057, is constitutional as held by this court (74 Ark. 302; 78 *Id.* 95), it only applies to wild lands and has no application to others. 45 Ark. 81. There must be proof of adverse possession to start the statute of limitations. 57 Ark. 97. The payment of taxes under this act inured to the benefit of plaintiff, and the possession of one cotenant is that of the other, and all the exceptions as to minors, married women, etc., are not interfered with by the act. 94 Ark. 122; 105 *Id.* 309; 109 *Id.* 281. It was the duty of defendants and their predecessors to pay those taxes to protect their own interest and the payment protected the interest of their cotenant. Mere assertion of title is not proof of title. Something more must be done. 20 S. W. 814; 57 Ark. 97. They failed to show acts of adverse ownership brought home to the knowledge of plaintiff.

7. No laches of plaintiff were shown. 145 U. S 372; 152 *Id.* 416-17; 228 Fed. 378; 75 *Id.* 301. See also as to laches, 129 Ala. 619; 25 Fla. 886; 29 N. E. 866; 92 *Id.* 37; 72 Atl. 745; 130 Pac. 652; 32 N. E. 413, and many others.

*Wm. C. Gilbert, W. R. Satterfield, Hughes & Hughes, Lamb & Rhodes, Hawthorne & Hawthorne* and *Charles T. Coleman,* for appellees.

1. Courts of equity have always had jurisdiction in partition proceedings. 19 Ark. 233; 83 *Id.* 554. This case is very similar to 79 Ark. 19. If we treat the contract as admissible in evidence and regard the decree as the culmination of a suit brought for the sole purpose of carrying out the contract, the suit must have presented two grounds of equity jurisdiction, viz., the question of title to wild land and the matter of partition, but the decree must be construed without reference to the contract.

2. This is not an appeal from, but a collateral attack on, the decree of May 8, 1882. If it were not an appeal, as the pleadings and evidence are not of record, this court will presume the decree is correct and affirm it. 136 Ark. 376; 78 *Id.* 598; 63 *Id.* 516; 45 *Id.* 240. Susie K. Jones was the plaintiff in that decree as here. She brought the suit by guardian, and she is bound by the decree the same as if she had been an adult. 55 Ark. 22. The recitals show that the decree of May 8, 1882, was within the general jurisdiction of the court, and it is impervious to collateral attack. The presumption is that the court had jurisdiction. 18 U. S. (Wallace) 350; 66 Ark. 416. The burden is on plaintiff to show want of jurisdiction, as jurisdiction is presumed. 63 Ark. 513; 66 *Id.* 416; 77 *Id.* 497; 75 *Id.* 176; 79 *Id.* 16. In a collateral proceeding the judgments of domestic courts of general jurisdiction are presumed to be within jurisdiction unless from an inspection of the record itself, it can be clearly seen that they are without. 61 Ark. 474. See also 44 *Id.* 426, 270; 121 *Id.* 478. That decree recites a finding that plaintiff and defendants are entitled to liens on the lands to secure debts and ordered a sale to pay these debts, and it is affirmatively shown that the subject-matter of the suit was within the jurisdiction of the court. That decree is not assailable on collateral attack. 77 Ark. 504; 61 *Id.* 464; 75 *Id.* 176; 79 *Id.* 19; 135 *Id.* 362; 125 *Id.* 298; 1 Black on Judgments, § 271. Each of the defendants pleaded the seven years' statute of limitation. Appellant absolutely failed in her attack on that decree, and this disposes of her case. The other questions are unimportant.

3. The statute of limitation was pleaded, and plaintiff is barred by the statute and the payment of taxes by defendants did not inure to the benefit of plaintiff as a cotenant, but defendants have paid taxes for the necessary seven years and for four years preceding and plaintiff is barred by the tax act. 74 Ark. 302; 100 *Id.* 582; 96 *Id.* 524; 82 *Id.* 51.

The plea of cotenancy does not aid plaintiff's cause. A conveyance by a cotenant of the entire estate to a

stranger gives color of title, and if possession is taken and the grantee claims title to the whole, it amounts to ouster of the cotenant and the possession of the grantee is adverse. 102 Ark. 611. An ouster or disseizin is never presumed from the mere fact of possession, but it may be proved by such possession and a notorious claim of exclusive right. 148 S. W. 588. The claim of of absence and distance from the *locus in quo* and that the defendant gave her no notice is of no avail to plaintiff, as it was impossible for defendants to give notice, as they had no knowledge of her name or whereabouts and actual notice was not necessary, as the law does not require impossibilities. If the color of title is exclusive and the acts of the tenant in possession are in accordance with the color of title, this is all the law demands. 143 S. W. 588; 117 Ark. 128.

4. The Chicago Mill & Lumber Company or those under whom it claims obtained decrees obtained title confirming its title. A decree confirming title can not be assailed collaterally except for want of jurisdiction. 22 Ark. 118; 52 *Id.* 400; 59 *Id.* 15; 62 *Id.* 421; 75 *Id.* 175.

5. The doctrine of laches should be applied as the facts call for it. The claim is stale. 55 Ark. 85; 88 *Id.* 333; 83 *Id.* 385; 19 *Id.* 16; 14 *Id.* 62; 101 *Id.* 235; 55 *Id.* 93; 112 Ark. 473; 145 U. S. 368; 209 S. W. 653.

SMITH, J. This is a suit in equity brought by appellant to confirm and quiet title to an undivided half interest in certain lands situated in Mississippi County, Arkansas, which are alleged to be wild and unimproved. These lands are said to be worth now a million and a half dollars and several very interesting questions are discussed in the briefs, yet we think the legal principles which control the decision of the case are simple and well defined.

Appellant's right to the relief prayed is denied upon the grounds, among others, that her suit is barred by the statute of limitations and by laches, and while we think both defenses are well taken we do not discuss the question of laches, as a decision based upon that ground

would require a very lengthy recital of facts, and we regard it unnecessary to consider that defense, as the defense of limitations is equally decisive.

Certain depositions were taken and certain other facts were brought into the record by stipulation of counsel, from which we extract the following statement: Appellant was born February 22, 1866, and her father, from whom she inherited her title, died March 23, 1867, and one Jarnigan was appointed guardian of her person and estate on November 28, 1881. There was a decree of the chancery court of Mississippi County, to which appellant, through her guardian, was a party, rendered on May 8, 1882, ordering a sale of the lands in suit, and the deed to the purchaser under this sale was executed and delivered July 28, 1882. Appellant attained her majority on February 22, 1884, and married one Alfred Lacour on August 3, 1891. She obtained a divorce from Lacour in 1897 and thereafter remained unmarried until November 28, 1906, at which time she married John H. Miller, since which last date she has been a married woman. The present suit was filed July 28, 1917, which is more than thirty-five years after the date of the decree which she assails, and since its rendition and the sale thereunder there have been many conveyances—the number is said to run into the hundreds—of the various tracts of land there described.

This decree of sale is attacked upon the ground that the chancery court was without jurisdiction, and it is said that its effect was to render the parties to it tenants in common. It is only by asserting a tenancy in common that appellant seeks to avoid the operation of the statute of limitations.

That decree ordered a sale of the whole title and interest, and the commissioner's deed to the purchaser purported to convey the whole title, and each successive deed in the various chains of title from that purchaser have purported to convey the entire estate, and by stipulation it is agreed that the present claimants, who were defendants below and are the appellees here, have paid the

taxes on said lands while claiming the title thereto by virtue of the muniments set out in the various answers; but it was not admitted that such muniments constituted color of title.

(1) The failure to make an admission that the deeds constituted color of title is unimportant, as it is manifest they did constitute color of title. *Fletcher* v. *Joseph,* 105 Ark. 646.

A major portion of the lands are wild, while other parts have been in the actual adverse possession of some of the defendants for more than the statutory period, but it is stipulated that the lands have either been unimproved and unenclosed or have been in the actual possession of the defendants since 1882, during which time they and their predecessors in title have paid the taxes due thereon.

(2) We do not pass upon the validity of the decree of sale; nor do we stop to decide whether it constituted the parties thereto tenants in common or not, as we think the facts set out above disprove the existence of that relation between appellant and appellees—none of whom were parties to that decree.

(3) It is said in appellant's behalf that she lived in California, three thousand miles from the *locus in quo,* and had lived there since she was a small child, and that neither appellees nor their predecessors in title gave her any notice that their possession was intended to be exclusive and adverse, and that she had no knowledge of that fact. But her existence and whereabouts and claim of interest in the land were unknown to appellees, and it would have been impossible for them to give any notice except that constructive notice arising from the facts herein previously recited.

A similar contention in regard to the lack of notice was made in the case of *Wilson* v. *Storthz,* 117 Ark. 418; but we disposed of it there by saying:

"The facts which we have recited show that there was never any question with Storthz about the interest which he had purchased, nor that his holding was ad-

verse. It is true his co-tenants received no actual notice of this adverse holding, but none could have been given them. Storthz was unaware of their existence." See, also, other cases there cited.

As appellant and appellees are not tenants in common, it follows that appellees could, by actual possession of the cleared land, or by payment of taxes on the wild lands, acquire title against appellant, and this they appear to have done according to the recitals of the agreed statement of facts.

(4) Appellees and their predecessors paid the taxes each year from and after 1882, and appellant was discovert from the time of her divorce in 1897 until her remarriage in 1906, a period of nearly nine years. So that appellant's right to sue became barred by these payments of taxes for a period of more than seven years made during the time she was not under the disability of coverture. Section 5057 of Kirby's Digest.

(5) As has been said, actual possession of some of these lands has been taken by some of the owners made defendants herein; but that fact did not interrupt the running of the statute in their favor, as in the case of *Gaither* v. *Gage*, 82 Ark. 51, it had been held (to quote a syllabus) that "payment of taxes on land for a portion of the period of limitation of seven years, while the land was unimproved and uninclosed, may be joined to actual adverse possession for the remainder of the period so as to give title by limitation."

It follows that appellant's cause of action is barred and the decree dismissing it is, therefore, affirmed.