MATTHEW (MACK) HEUSTESS AND O. J. GANDY JR.
*v.* MARY E. OSWALT

5-6105                                           488 S.W. 2d 707

Opinion delivered January 8, 1973

*Knox Kinney,* for appellants.

*Giles Dearing,* for appellee.

LYLE BROWN, Justice. This is an adverse possession case. The trial court held that appellee Mary E. Oswalt (plaintiff below) had by adverse possession acquired title to fifteen acres to which appellant O. J. Gandy, Jr., recently acquired record title from his co-appellant, Heustess. For reversal appellants contend (1) that the claim of appellee was not adverse to her brother, Matthew Heustess, (2) that there was no adverse possession for the full statutory period, (3) that the entry was permissive, and (4) that the findings of the court were not supported by clear, cogent, and convincing evidence.

Matthew Heustess and Mary Oswalt are brother and sister. In 1960 Mary took title to a quarter section of land on which she had resided for several years. W. E. Heustess owned the quarter section which joined Mary on the east. He had owned it since 1923. (W. E. Heustess was an uncle of Matthew and Mary). W. E. Heustess died in 1955, and his widow, Maude, held the life estate until her death in 1968, at which time Matthew Heustess, the remainderman, became the owner. Matthew took possession in 1968. When Mary assumed ownership of her quarter section in 1960, some fifteen acres (the land in dispute) of Matthew's quarter section was attached to her land by a fence. Throughout her testimony Mary says her claim to the land

in dispute originated in 1960, the year she acquired her title to her quarter section. The chancellor decreed that Mary had, by clear and convincing proof, established that she had held the fifteen acres as against Matthew for the statutory period.

It would serve no useful purpose to detail the evidence of the sixteen witnesses, most of that testimony being confined to the question of Mary's activities in connection with the disputed acreage. In our view, a single point of law, based on undisputed facts, is dispositive of the case. The undisputed facts are that Aunt Maude held a life estate in Matthew's quarter section from 1955 until her death in 1968; Matthew was the remainderman and of course his title came into being with Aunt Maude's death. The statute of limitations could not begin to run against the remainderman until the death of the holder of the life estate. The rule, and the reason therefor, are well stated in 3 Am. Jr. 2d Adverse Possession § 227:

> A remainderman having no right to possession until the death of the life tenant, or not being bound to enter until then in order to establish his claim against interference with an easement of way appurtenant to the property, is not barred by adverse possession which might result against the life tenant. Thus, where there is possession of land subject to a life estate, the statute of limitations does not generally run against remaindermen until the life estate is terminated, for until then the possession is not adverse as to them, since they do not have a right of entry and possession until the life estate is ended.

Our court adheres to the recited rule. *Luster* v. *Arnold,* 249 Ark. 152, 458 S.W. 2d 414 (1970); *Smith* v. *Kappler,* 220 Ark. 10, 245 S.W. 2d 809 (1952); *Hamilton* v. *Farmer,* 173 Ark. 341, 292 S.W. 683 (1927); *Meadows* v. *Hardcastle,* 219 Ark. 406, 242 S.W. 2d 710 (1951).

The cause is reversed with directions to enter a decree not inconsistent with our holding.

Reversed and remanded.