David C. SCOTT et al *v.* Louretha Jewel HILL

CA 80-518                          614 S.W. 2d 690

Court of Appeals of Arkansas
Opinion delivered May 6, 1981

282

*Halloway & Haddock*, by: *James W. Haddock*, for appellants.

*Drew & Mazzanti*, by: *William H. Drew*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellants appeal from an order of the Chancery Court of Chicot County quieting and confirming the appellee's title to a ten acre tract of land legally described in that decree. On their appeal appellants contend that they are the owners of the legal title as the heirs of George Demsey, deceased, and that the chancellor erred in finding that the appellee, Louretha Jewel Hill, had acquired that title by adverse possession. We do not agree.

George Demsey died testate in Chicot County in 1968, survived by his widow, Eva Demsey, two children of a former marriage and several nieces and nephews. No children were born to his marriage to Eva. In his will George Demsey made no mention of his wife Eva but devised all of his estate including the lands in question which had been his homestead, to his two children and the nieces and nephews. His widow, Eva Demsey, was appointed personal representative and filed an election to take against the will, and in that

same petition made application for statutory allowances. In that petition the widow made claim to the title to the entire ten acres stating the erroneous conclusion that she "owns one-half interest absolutely as the widow of George Demsey, deceased, under the laws of descent and distribution of the State of Arkansas and hereby claim the other one-half interest therein by reason of statutory allowances in the sum of $1000 and $500 by reason of sustenance." Sometime later the devisees of George Demsey, deceased, filed a petition stating that the personal representative had not performed any of her duties except to file a petition for statutory allowances, "with the evident purpose of taking and converting the entire estate of George Demsey for her own use and benefit to the exclusion of the petitioners who are the next of kin and devisees under the last will of the said George Demsey." This petition requested that she be ordered to file a full and complete inventory and appraisal of all of the assets belonging to the estate. No further action appears to have been taken in said estate until some fifteen years later when in 1977 a personal representative in succession was appointed and the estate finally closed. While it is clear to the court that Eva had only a right, as surviving widow, to the possession of the ten acres as her homestead and dower for life, the record contains evidence that under her erroneous claim of absolute ownership, she remained on the property without interference until her death in 1970.

Eva died testate in 1970 and by her will specifically devised the property in question to appellee, Louretha Jewell Hill, and her sister, Christine Hill, as tenants in common. Christine Hill conveyed her interest to appellee, who immediately entered into possession of the property under color of title. The property was enclosed and there was a dwelling located on it which George and Eva Demsey had maintained as their homestead during their lifetimes. Appelee farmed the property herself for several years and grazed cattle thereon. Subsequently, she placed a tenant in possession who resided in the house and farmed and ran cattle on the tract. The chancellor found that during the period from 1970 to 1979, appellee, Louretha Jewel Hill, was in open, notorious, hostile, continuous possession of these lands under color of title and claim of right, free of interfer-

ence by anyone. It is clear from our law that uninterrupted possession for more than seven years under the conditions which the trial court found to exist, vest title in that possessor. *Thompson* v. *Morris*, 218 Ark. 542, 237 S.W. 2d 473.

The record shows that the appellee did not know of any of the appellants and was not aware of their existence until immediately before this action was commenced. Only one of the appellants testified at the hearing but indicated that all other claimants resided outside of the State of Arkansas and there was no indication that any of them had been in the state or on the property at any time during this nine year period of appellee's possession. Appellants testified that they had been given no actual notice of appellee's possession or claim. The record does not indicate that any of them ever visited the premises during the nine year period of appellee's adverse possession. Actual notice is not necessary. One claiming lands adversely under color of title need not give affirmative notice to another residing at a distant place or state, that he is claiming to own the land where, as here, he has no knowledge of the existence, whereabouts or claim of interest of appellants in the lands. *Miller* v. *Chicago Mill & Lumber Co.*, 140 Ark. 639, 215 S.W. 2d 900. While a true owner must have knowledge of notice that possession of another is hostile, this may consist of either actual knowledge or constructive notice, arising from the openness and notoriety of the possession. Constructive notice is that which as would reasonably indicate to the owner if he visits the premises and is a man of ordinary prudence that claim of ownership adverse to his is being asserted. *Terral* v. *Brooks*, 194 Ark. 311, 108 S.W. 2d 489.

The appellants argue that the title of the appellee is dependent upon that of Eva through whom they claim and that she, being possessed by virtue of dower and homestead rights for her life, could not hold adversely to the remainderman. We agree with the chancellor in his finding that the possession of Eva is not essential to appellee's claim.

The cases holding that the statute of limitations does not run in favor of a grantee of a life tenant are based on the premise that until the death of the life tenant there is no right

of entry in the remainderman. *Huestess* v. *Oswalt*, 253 Ark. 730, 488 S.W. 2d 707. However, upon termination of the prior estate that right immediately arises and unless the right of reentry is exercised by the remainderman within the statutory period, his title may be extinguished by adverse possession. The trial court found that the possession of appellee for the nine year period after Eva's death was of that nature by which title by adverse possession may be vested. The court will not reverse the order or findings of the chancellor unless it finds those findings to be clearly against the preponderance of the evidence.

Finally the appellants contend that there was an action against Eva for possession of the property pending in the Probate Court and that the statute of limitations was tolled as to both the life tenant and those claiming under her. While we agree with the parties that the pendency of an action to obtain possession by a legal owner would toll the statute of limitations, we cannot agree that the rule has any application to the facts here. There was no pending action for possession. While it is doubtful that the probate court had jurisdiction to entertain such an action, what the appellants refer to as a "pending action" was merely a petition for an order to require Eva to file an inventory in the estate of her deceased husband. It was not such a petition as would toll the statute of limitations for the recovery of real estate.

We affirm.